**KAI YOU JING, also known as Jing Kai You, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General of the United States, Respondent.**

**No. 05–3517.**

United States Court of Appeals, Second Circuit.

May 22, 2006.

Alexander K. Yu, New York, NY, for Petitioner.

Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Jo Ann M. Navickas, Licha M. Nyiendo, Assistant United States Attorneys, Brooklyn, NY, for Respondent.

Present CHESTER J. STRAUB, SONIA SOTOMAYOR and ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Kai You Jing, though counsel, petitions for review of the BIA order affirming the decision of Immigration Judge ("IJ") Barbara A. Nelson denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Although the BIA did not explicitly adopt and affirm the IJ's decision, the BIA agreed with all of the IJ's findings and reiterated them in its decision. Accordingly, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005). This Court reviews the agency's factual findings, including determinations that an applicant failed to prove eligibility for asylum or withholding of removal, under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir. 2004). Questions of law, such as the question of "what evidence will suffice to carry an asylum applicant's burden of proof," are reviewed *de novo. See, Jin Shui Qiu v. Ashcroft,* 329 F.3d 140, 146 n. 2 (2d Cir. 2003).

An IJ can properly deny an individual's claim for lack of corroboration, even if he is deemed credible. *See Diallo v. INS,* 232 F.3d 279, 285 (2d Cir.2000). Before denying a claim for failure to corroborate otherwise credible testimony, an IJ must first identify the particular pieces of missing, relevant evidence, and show that this evidence was reasonably available to the applicant. *See id.* at 289–90; *Qiu,* 329 F.3d at 153. We will not disturb an IJ's finding that corroborative evidence was available "unless a reasonable trier of fact is compelled to conclude that such corroborating evidence is available." *Jin Chen v. U.S. Dep't of Justice,* 426 F.3d 104, 113 (2d Cir.2005). In this case, the IJ found that Jing's testimony was sufficiently lacking in details regarding his wife's sterilization claim, such that he would be required to provide corroborating evidence of the sterilization procedure. Since Jing's claim was based entirely on the sterilization of Jing's wife, it was reasonable for the IJ to expect him to provide a letter in support from her. In addition, the IJ's corroboration finding was reasonable because Jing was not in a position to provide details about the sterilization procedure, since he was not present.

In her decision, the IJ addressed the two requirements set forth in *Qiu,* and those findings are supported by substantial evidence. Jing was asked during his hearing whether he ever asked his wife to provide a letter in support of his application, and he stated, "My wife has not gone to school much, so he doesn't know how to write." He was asked why his wife could not dictate a letter for someone else to write, particularly whether his twelve-year old son could write the letter, and Jing responded that he was not aware that they could do that. These explanations do not undercut the IJ's finding that a letter from his wife was reasonably available, especially considering that he testified that he remains in contact with his wife and considering that he was represented by counsel.

Jing does not challenge the denial of his CAT claim in his brief to this Court, and it is deemed waived. *See Jian Wen Wang v. BCIS,* 437 F.3d 276, 278 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DENIED as moot.