Yun Ping TANG, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 05–6033–AG.

United States Court of Appeals, Second Circuit.

Sept. 25, 2006.

Jim Li, New York, N.Y., for Petitioner.

Bud Cummins, United States Attorney for the Eastern District of Arkansas, A. Doug Chavis, Assistant United States Attorney, Little Rock, AR, for Respondent.

Present: WILFRED FEINBERG, CHESTER J. STRAUB, BARRINGTON D. PARKER, Circuit Judges.

## SUMMARY ORDER

Petitioner Yun Ping Tang, a native and citizen of China, seeks review of an October 24, 2005 order of the BIA affirming the September 8, 2004 decision of Immigration Judge ("IJ") Joanna Miller Bukszpan denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yun Ping Tang*, No. A98 279 136 (BIA October 24, 2005), *aff'g* No. A98 279 136 (Immig. Ct. N.Y. City Sept. 8, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When, as here, the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales*, 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 158 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded). The Court reviews *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003).

The IJ denied Tang's application for asylum because she failed to prove that she filed her application within one year of entry into the United States. The BIA also noted that Tang failed to present any evidence of changed country conditions or exceptional circumstances that could have justified a late filing. The plain language of 8 U.S.C. § 1252(a)(2)(D) confers jurisdiction on this Court to review only constitutional claims or questions of law relating to the one-year bar. *See Xiao Ji Chen,* 434 F.3d at 151–52. In this case, Tang argues only that the IJ erroneously rejected her testimony and documents. Since this is neither a question of law nor a constitutional claim, this Court lacks jurisdiction over Tang's asylum claim. *Id.* at 154.

Tang argues that the IJ applied the wrong standard with respect to her withholding of removal claim; specifically, she argues that the IJ held her to an overly stringent standard in assessing whether she met her burden of proof. The government correctly notes that Tang failed to present this argument in her brief to the BIA. The government also correctly asserts that this Court has jurisdiction only if the alien has exhausted all administrative remedies. *See* 8 U.S.C. § 1252(d)(1). However, this Court has held that it retains jurisdiction over "specific, subsidiary legal arguments and arguments by extension" that were not raised below. *Gill v. INS,* 420 F.3d 82, 86 (2d Cir.2005). Although Tang did not specifically argue that the IJ applied the wrong burden of proof standard in her brief to the BIA, she did argue that the IJ erred in denying her withholding of removal claim because she failed to fully consider her "specific and detailed experience" in China. The legal argument she asserts to this Court is an extension of her argument that the IJ erred in failing to fully consider the weight of her testimony. Accordingly, this Court

does have jurisdiction to review Tang's argument that the IJ applied the wrong burden of proof standard in connection with her application for withholding of removal.

Tang argues that the IJ held her to an overly stringent burden in assessing her withholding of removal claim. The IJ stated in her decision, "The Court notes that in an asylum claim, testimony alone can be sufficient, however, this respondent is before the Court in the posture of seeking withholding of removal which has a considerably higher burden of proof and she must show by a preponderance of the evidence that she would be persecuted." Despite the IJ's indication to the contrary, an alien can succeed on a withholding of removal claim through testimony alone, when that testimony is credible. 8 C.F.R. § 208.16(b); *see Diallo v. INS,* 232 F.3d 279, 285–86 (2d Cir.2000); *Matter of M–D–,* 21 I. & N. Dec. 1180, 1182–83 (BIA 1998). Although the IJ correctly stated that Tang must prove likelihood of future persecution in order to succeed on her withholding of removal claim, the IJ incorrectly indicated that Tang's testimony could not be sufficient to sustain this burden. Withholding of removal has a higher statutory standard as compared to asylum, with respect to eligibility, but it does not carry a different burden of production. In other words, the alien does not need to present different evidence to succeed on a withholding of removal claim; although the evidence she presents must be stronger. *Compare* 8 C.F.R. § 208.13(a) (governing asylum) *with* 8 C.F.R. § 208.16(b) (governing withholding of removal).

Although the IJ is correct in noting that Tang's family remains unharmed in China and that Tang allegedly passed through the Netherlands on her way to the United States, these statements in the IJ's decision indicate that she would not have nec-

essarily faulted Tang for these problems had she been applying for asylum. Even through the IJ may have been correct in considering these factors as part of her overall finding, *see Matter of A–E–M–,* 21 I. & N. Dec. 1157, 1160, 1998 WL 99555 (BIA 1998); *You Hao Yang v. BIA,* 440 F.3d 72, 75 (2d Cir.2006), it is unclear how the IJ would have weighed these in conjunction with Tang's testimony had the IJ applied the correct burden of proof standard.

As previously noted, Tang could have succeeded on her withholding of removal claim solely on the basis of her testimony. *See Diallo,* 232 F.3d at 290 ("[T]he precedent of the BIA and of this court would sustain a petition for asylum or withholding of deportation based on credible testimony alone, or, by extension, credible testimony combined with convincing explanations for lack of corroboration."); 8 C.F.R. § 208.16(b). But because the IJ failed to make any credibility determination in this case, Tang was possibly deprived of the benefit of this rule. *See Diallo,* 232 F.3d at 290. Therefore, since the IJ failed to address Tang's credibility and required corroborating evidence without complying with the requirements of our case law, we remand Tang's withholding of removal claim to the agency to make an explicit credibility determination, and, if the agency finds Tang's testimony credible, to decide whether additional corroboration is nonetheless required to meet Tang's burden of proof, whether it is reasonable to expect such corroboration, and, if applicable, why Tang's explanations for its absence are insufficient.

Because Tang did not raise any arguments relating to her CAT claim in her brief to this Court, it should be deemed waived. *See Jian Wen Wang v. BCIS,* 437 F.3d 276, 278 (2d Cir.2006).

Accordingly, the petition for review is GRANTED in part, DISMISSED in part, the BIA's decision is VACATED in part, and the case is REMANDED to the BIA for further proceedings consistent with this decision. Having completed our review, Tang's pending motion for a stay of removal in this petition is DENIED as moot.