See also 468 F.3d 109.

**Jin Xiu CHEN, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General Alberto R. Gonzales, Respondents.**

No. 06–0762–AG.

United States Court of Appeals, Second Circuit.

Nov. 6, 2006.

Gregory Marotta, Law Office of Richard Tarzia, Belle Mead, NJ, for Petitioner.

William J. Leone, United States Attorney for the District of Colorado, Terry Fox, Assistant United States Attorney, Denver, CO, for Respondents.

Present: ROSEMARY S. POOLER, SONIA SOTOMAYOR and ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Petitioner Jin Xiu Chen, a native and citizen of China, seeks review of a January 20, 2006 order of the BIA affirming the September 21, 2004 decision of Immigration Judge ("IJ") Jeffrey S. Chase denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jin Xiu Chen,* No. A96 257 717 (B.I.A. Jan. 20, 2006), *aff'g* No. A96 257 717 (Immig. Ct.

N.Y. City Sept. 21, 2004). In its decision, the BIA also denied Chen's motion to remand. *In re Jin Xiu Chen,* No. A96 257 717 (B.I.A. Jan. 20, 2006). For the reasons discussed in our published opinion, *see Jin Xiu Chen v. U.S. Dep't of Justice,* No. 06–0762, 2006 WL—(2d Cir. Nov.—, 2006), we remand this case to the BIA for further proceedings. We address here the remaining issues raised in Chen's petition for review. We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, this Court may consider both the IJ's and the BIA's opinions for the sake of completeness. *Wangchuck v. DHS,* 448 F.3d 524, 528 (2d Cir.2006). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). We will vacate and remand for new findings, however, if the agency's reasoning or its factfinding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 400 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir. 2004). This Court reviews questions of law *de novo. See Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

■ We disagree with Chen that the IJ applied the wrong standard when analyzing her claim of future persecution. Chen is correct that an applicant must demonstrate a "reasonable possibility" of persecution to succeed on an asylum claim. 8 C.F.R. § 208.13(b)(2)(i)(B). The IJ did state in his decision that Chen "has failed to establish the significant possibility that she would be sterilized for

three children all born in the United States." The IJ's recitation of the eligibility standards for asylum and withholding of removal, however, make clear that he recognized that Chen's burden for asylum was less stringent than the "more likely than not" standard for withholding. The IJ's single reference to a "significant possibility" of future persecution, when viewed in context, does not indicate that he applied the wrong standard with respect to Chen's claim of future persecution.

Chen argues further that the BIA misconstrued the IJ's decision as having denied her claim for asylum in the exercise of discretion. In denying Chen's claim for asylum, the IJ explained his reasoning as follows: "Frankly, if [Chen] had met the standard [for establishing future persecution], I guess, we'd then have to go in the exercise of discretion .... [b]ut she will be deemed to have failed to meet the standard before we would even get to the discretionary analysis." We are uncertain whether the BIA affirmed the IJ's discretionary denial of asylum (and if so, whether it construed the IJ's decision properly) or instead denied Chen asylum in the exercise of its own discretion. Because we remand on Chen's withholding of removal claim, we need not reach this question. On remand, however, the BIA should clarify the nature of its decision regarding Chen's asylum claim, and, if it determines that Chen should not have been denied asylum on a discretionary basis, it should consider Chen's asylum claim along with her claim for withholding.

Finally, Chen argues that the IJ denied her due process when he failed to consider her claim of a well-founded fear that her third pregnancy would be terminated if she were returned to China. The IJ noted that it was highly unlikely that Chen would have been returned to China during her pregnancy, given that an appeal to the BIA would have significantly delayed her removal from the United States. According to Chen's brief, moreover, she in fact gave birth in December 2004, more than a year before the BIA issued its decision. We cannot say that the IJ's presumption that Chen's third child would be born before she would be returned to China, which thus would moot her claim that the pregnancy would be terminated upon her return, deprived Chen of "fundamental fairness" as required for a due process violation in this context. *Xiao Ji Chen v. Gonzales*, 434 F.3d 144, 155 (2d Cir.2006).

Chen does not raise any arguments challenging the denial of her CAT claim, nor does she make any arguments regarding the BIA's denial of her motion to remand on the basis of the record before the agency at the time. Accordingly, this Court considers these claims waived. *See Jian Wen Wang v. BCIS*, 437 F.3d 276, 278 (2d Cir.2006).

For the foregoing reasons, the petition for review is GRANTED in part, the BIA's order is VACATED in part, and for the reasons discussed in the accompanying published opinion, the case is REMANDED to the BIA for further proceedings.