**BI YUN ZHU, Zongyi Zou, Petitioners,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES, Respondent.**

Nos. 04–3007–ag(L); 04–3008–ag(con).

United States Court of Appeals, Second Circuit.

Nov. 15, 2006.

---

Theodore N. Cox, New York, New York, for Petitioners.

R. Alexander Acosta, United States Attorney for the Southern District of Florida, Anne R. Schultz, Chief, Appellate Division, Kathleen M. Salyer, Deputy Chief, Appellate Division, Miami, Florida, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. PIERRE N. LEVAL, Circuit Judge, Hon. SONIA SOTOMAYOR, Circuit Judge.

## SUMMARY ORDER

Petitioners Bi Yun Zhu and Zongyi Zou, both natives and citizens of China, seek review of May 26, 2004 orders of the BIA affirming the September 22, 2003 decision of Immigration Judge ("IJ") Sarah Burr denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Bi Yun Zhu, Zongyi Zou*, Nos. A78 720 144, A29 126 789 (B.I.A. May 26, 2004),

*aff'g* Nos. A78 720 144, A29 126 789 (Immig. Ct. N.Y. City Sept. 22, 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

■ Zhu argues in her brief that the IJ erred in finding that she did not suffer past persecution and lacked a well-founded fear of persecution on account of her encounters with family planning officials in China. However, Zhu did not challenge the denial of this claim to the BIA, and thereby failed to properly exhaust this claim. *See* 8 U.S.C. § 1252(d)(1); *see also Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 343 (2d Cir.2006).

■ Zhu argued to the IJ and the BIA that she and her husband would be prevented from having more children in China because of the coercive family planning policy. However, Zhu failed to raise any arguments relating to the denial of this claim in her brief to this Court. Accordingly, this claim should be considered waived. *See Jian Wen Wang v. BCIS,* 437 F.3d 276, 278 (2d Cir.2006).

■ Zhu and Zou argue that the IJ and BIA erred in denying their CAT claims because they proved that they would likely be tortured upon their return for having illegally fled the country. In support of their claim, they submitted a 2002 U.S. State Department country report and several articles describing incidents of torture in Chinese prisons. The documents arguably show that some Chinese who fled the country illegally are imprisoned and charged upon their return and that there is mistreatment, including incidents of torture, in Chinese prisons. However, these documents do not demonstrate likelihood that Zhu and Zou will be imprisoned and charged upon their return to China or that they would be tortured in prison, assuming they are arrested upon return. This Court has held on two occasions that the information provided in the country reports is insufficient to compel a finding that an alien would likely be tortured upon return to China. *See Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 159–61 (2d Cir.2005); *Mu–Xing Wang v. Ashcroft,* 320 F.3d 130, 143–44 (2d Cir.2003).

For the foregoing reasons, the petitions for review are DISMISSED for lack of jurisdiction in part and DENIED in part. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).