**Khazar HAYAT, Petitioner,**

**v.**

**Alberto R. GONZALES, Attorney General of the United States, Respondent.**

Nos. 05–1644–ag (L); 05–3438–ag (con).[1]

United States Court of Appeals,
Second Circuit.

Nov. 15, 2006.

1. The consolidated case was withdrawn by stipulation filed 8/1/06.

Mark T. Kenmore, Buffalo, New York, for Petitioner.

Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, Samuel S. Miller, Craig Oswald, Assistant

United States Attorneys, Chicago, IL, for Respondent.

PRESENT: Hon. THOMAS J. MESKILL, Hon. ROBERT D. SACK and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Petitioner Khazar Hayat, a native and citizen of Pakistan, seeks review of a March 9, 2005, order of the BIA affirming the July 31, 2003, decision of Immigration Judge ("IJ") Philip J. Montante denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture. *In re Khazar Hayat*, No. A77 733 714 (B.I.A. Mar. 9, 2005), *aff'g* No. A77 733 714 (Immig. Ct. Buffalo, July 31, 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, the Court may consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect the Court's ultimate conclusion. *Jigme Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir.2006). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 158 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

■ Hayat argues in his brief that the IJ should not have allowed him to concede removability because he was a minor and a family member was not present at the hearing. However, Hayat failed to raise any arguments regarding his concession of removability in his brief to the BIA. Notwithstanding the government's failure to note in its brief that this argument is unexhausted, we decline to excuse Hayat's failure here. *See Lin Zhong v. U.S. Dep't of Justice*, 461 F.3d 101, 119 (2d Cir.2006).

■ The IJ denied Hayat's asylum claim because he failed to prove that he filed his application within one year of entry into the United States, and the BIA determined that he failed to establish changed or extraordinary circumstances, which prevented him from filing on time. The plain language of 8 U.S.C. § 1252(a)(2)(D) confers jurisdiction on this Court to review only constitutional claims or questions of law relating to the one-year bar. *See Xiao Ji Chen*, 434 F.3d at 151–52. Hayat devotes a single-sentence to the one-year bar in his brief. He does not assert any constitutional claims or raise any questions of law relating to that finding. Accordingly, the government is correct that this Court lacks jurisdiction over Hayat's asylum claim and the IJ's one-year bar finding.

■ Although this Court lacks jurisdiction over Hayat's asylum claim, it can still review his withholding of removal claim. Hayat did not testify about any incidents that happened to him personally; his past persecution claim focused on the events that involved family members while he was a very young child in Pakistan. He did

not present any evidence that he was aware of the harm that occurred to his family members. In fact, he admitted throughout his testimony that he had no personal knowledge of the events that involved his family members in Pakistan and only had knowledge of the events based on what his family members had told him when he became older. Accordingly, the IJ acted reasonably in determining that Hayat failed to prove past persecution in Pakistan.

The IJ's conclusion that Hayat failed to prove that it was more likely than not he would be persecuted upon his return to Pakistan was also supported by substantial evidence. As the IJ noted, Hayat failed to provide any evidence that the Pakistan People's Party ("PPP") members would have a continued interest in harming Hayat if he returned to Pakistan. There was no indication that Hayat was sought in the past, and he failed to provide sufficient evidence to compel a finding that he would likely be sought in the future. By his own admission, he was not sure what would happen to him upon his return to Pakistan. He also stated that he would have no problem relocating to another part of Pakistan.

Additionally, the IJ's conclusion that Hayat's future persecution claim was unpersuasive, in part because several of his family members have remained unharmed in Pakistan, is supported by substantial evidence and is reasonable. *See Matter of A–E–M*, 21 I. & N. Dec. 1157, 1998 WL 99555 (BIA 1998). Although the IJ did not explicitly reject Hayat's explanation, an IJ is not required to expressly parse or refute every explanation on the record. *Xiao Ji Chen*, 434 F.3d at 159 n. 13. In any event, Hayat's explanation that his other family members would not be targeted because of their age was not so compelling that a reasonable fact-finder

would have had to accept it. In addition to his mother and siblings remaining in Pakistan, Hayat's father and uncle returned numerous times to Pakistan, sometimes for several years at a time, without facing any adverse consequences from the PPP. Hayat explained that his father, one of the individuals who was previously targeted by the PPP, was able to return successfully because he took extra precautions, such as "always [having] people around him to protect him." A reasonable fact-finder, however, would not have been compelled to accept this explanation. Accordingly, the IJ's finding that, in light of Hayat's family's situation, his claim that he would likely be persecuted upon his return to Pakistan is unpersuasive is reasonable.

The IJ denied Hayat's future persecution claim also, in part, because he failed to provide sufficient corroborating evidence of his assertions. Specifically, the IJ noted that letters from Hayat's mother and father would have been helpful in support of his claim. Before denying a claim because of an applicant's failure to provide corroborating evidence, the IJ must identify the particular documentation that is missing and explain how it was reasonably available to the applicant. *See Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 153 (2d Cir.2003). In this case, the IJ identified the missing documentation, and although he did not expressly state why he thought that affidavits from Hayat's parents would have been reasonably available, it was reasonable for the IJ to assume availability since Hayat had testified to being in contact with his parents.

Based on the above factors, the IJ acted reasonably in determining that Hayat failed to prove it was more likely than not that he would face persecution upon his return to Pakistan. Since the IJ was correct in determining that Hayat failed to prove that he suffered past persecution in

Pakistan or that it was more likely than not that he would be persecuted in Pakistan, it is unnecessary for this Court to evaluate the IJ's nexus finding.

Because Hayat did not raise any arguments relating to his CAT claim in his brief to this Court, it is waived. *See Jian Wen Wang v. BCIS*, 437 F.3d 276, 278 (2d Cir.2006). In addition, Hayat has waived any arguments relating to the denial of his motion for a continuance or the fairness of his proceedings before the IJ. Even if he had raised these arguments, however, there is no evidence in the record to indicate that Hayat's proceedings were unfair or that the IJ abused his discretion in denying the motion. And, Hayat waived any right to extend his voluntary departure period by failing to raise it in his brief or file a motion for a stay of the voluntary departure period.

Accordingly, the petition for review is DISMISSED for lack of jurisdiction with respect to petitioner's asylum claim and in part and DENIED with respect to her withholding of removal claim, CAT claim, and motion to remand. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DE-NIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).