**Mamadou Adama BAH, Adama Sow, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–2763–ag.

United States Court of Appeals, Second Circuit.

Dec. 4, 2006.

Matthew J. Harris, of counsel to Eric A. Wuestman, New York, NY, for Petitioners.

Peter D. Keisler, Assistant Attorney General, Linda S. Wernery, Assistant Director, Kelly J. Walls, Trial Attorney, Office of Immigration Litigation, Washington, District of Columbia, for Respondent.

PRESENT: Hon. THOMAS J. MESKILL, Hon. SONIA SOTOMAYOR, and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Mamadou Adama Bah and Adama Sow, both natives and citizens of Guinea, seek review of a May 12, 2006 order of the BIA affirming a November 15, 2004 decision of Immigration Judge ("IJ") Barbara A. Nelson, denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mamadou Adama Bah, Adama Sow,* Nos. A97 976 334, A97 976 335 (B.I.A. May 12, 2006), *aff'g In re Mamadou Adama Bah, Adama Sow,* Nos. A97 976 334, A97 976 335 (Immig. Ct. N.Y. City Nov. 15, 2004). We assume the parties' familiarity with the underlying facts and procedural history.

Where, as here, the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's opinions. *See Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004). Where an adverse credibility finding is based on flawed grounds, remand is not required where it could be "confidently predict[ed]" that the agency would have reached the same conclusion absent the error-based grounds. *Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 162 (2d Cir.2006). In this case, we identify a number of errors in the IJ's reasoning, and we cannot confidently predict that the IJ would reach the same conclusion even without these errors. Accordingly, we remand.

 Among the noted errors was the IJ's finding that Bah was not credible in claiming feared political persecution because he failed to provide detailed testimony about the Rally of the People of Guinea Party. It is unclear, however, what additional information the IJ was seeking; certainly, the IJ failed to probe for such details during the hearing. *See Jin Chen*

*v. U.S. Dep't of Justice,* 426 F.3d 104, 114 (2d Cir.2005).

Bah's failure to mention his wife's rape in his initial asylum application raises some question as to his credibility. To the extent Bah attempted to explain his omission, the IJ was not required to accept his account. But it appears that the IJ may have misunderstood Bah's explanatory testimony, concluding that Bah gave two different reasons for the omission. In fact, the record shows that Bah consistently testified that he did not mention the rape to the preparer of his asylum application because he was ashamed; he did not say that he did not understand what was supposed to be included in the application. Rather, he stated that he did not understand what the asylum officer was asking him at the beginning of the interview, and that is why he did not mention the rape at that time. We remand so that the IJ can evaluate Bah's credibility in light of his actual explanation. *See Zhou Yun Zhang v. INS,* 386 F.3d at 74 (explaining that credibility findings cannot be based on "a misstatement of the facts in the record").

The IJ also found that Bah and Sow testified inconsistently as to how many men participated in the rape. In fact, the record suggests that Bah may have been referring to the number of men present when his wife was raped rather than the number who actually assaulted her sexually. Viewed in this light, the purported inconsistency in the spouses' accounts appears non-dramatic, requiring further inquiry. *See Ming Shi Xue v. BIA,* 439 F.3d 111, 125 (2d Cir.2006) (holding that agency may not rest adverse credibility finding on non-dramatic inconsistency without first giving applicant chance to reconcile testimony); *Zhi Wei Pang v. BCIS,* 448 F.3d 102, 109–10 (2d Cir.2006).

Evidence that Bah, with the help of influential friends, returned to Guinea after his wife's rape to help her flee may cast some doubt on his claimed fear of political persecution. But the IJ needs to explain further her conclusion that Bah could continually have avoided persecution with the help of friends. Otherwise, we cannot perform even our limited factual review to ensure against "bald speculation." *Zhou Yun Zhang,* 386 F.3d at 74.

A similar concern applies to the IJ's finding that Bah's fear of returning to Guinea was undermined by his friend's willingness to write a letter on Bah's behalf. The IJ did not explain her reason for concluding that the Guinean government could be expected to have learned the contents of Bachir's letter.

The IJ found it troubling that Bah did not present any corroborating evidence of his arrest or injuries, an omission that may bear on credibility when the availability of such evidence is apparent. *See Li Zu Guan v. INS,* 453 F.3d 129, 140–41 (2d Cir.2006); *Xiao Ji Chen,* 434 F.3d at 164; *Zhou Yun Zhang,* 386 F.3d at 78. The IJ failed to make a specific finding of availability and that fact is not patently apparent from the record.

Accordingly, we remand Bah's case to the agency for further analysis of his credibility consistent with this order. That analysis need only apply to Bah's asylum and withholding of removal claims. Because Bah failed to challenge the denial of his CAT claim either to the BIA or this court, we deem that claim waived. *See* 8 U.S.C. § 1252(d)(1) (governing exhaustion); *Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 343 (2d Cir.2006) (same); *Jian Wen Wang v. BCIS,* 437 F.3d 276, 278 (2d Cir.2006) (governing waiver).

In sum, the petition for review is GRANTED in part, DISMISSED and DE-

NIED in part, the BIA's order is VACAT-ED in part, and the case is REMANDED to the BIA for further proceedings consistent with this decision. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).