**JIAN HUA CHEN, Petitioner,**

v.

**U.S. DEPARTMENT OF JUSTICE, Alberto Gonzales, Attorney General, Respondents.**

No. 06–2357–ag.

United States Court of Appeals, Second Circuit.

Dec. 11, 2006.

70

Khagendra Gharti–Chhetry, New York, New York, for Petitioner.

Paul I. Perez, United States Attorney, Middle District of Florida, Tamra Phipps, Assistant United States Attorney, Chief, Appellate Division, Judy K. Hunt, Assistant United States Attorney, Tampa, Florida, for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. JOSÉ A. CABRANES, Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Jian Hua Chen, a native and citizen of China, seeks review of a April 2006 order of the BIA affirming the decision of immigration judge ("IJ") William Van Wyke denying Chen's applications for asylum, withholding of removal, and relief under the Convention Against Torture. *In re Jian Hua Chen*, No. A76 506 551 (B.I.A. April 20, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales*, 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard.

In certain circumstances, it may be error for the agency to base an adverse credibility finding on omissions from an applicant's written asylum application. "[A]sylum applicants are not required to list every incident of persecution on their I–589 statements." *Pavlova v. INS*, 441 F.3d 82, 90 (2d Cir.2006). In evaluating whether such an omission is sufficiently substantial to support an adverse credibility finding, the Court takes "note of the fact that the circumstances surrounding the application process do not often lend themselves to a perfectly complete and comprehensive recitation of an applicant's claim to asylum or withholding, and that holding applicants to such a standard is not only unrealistic but also unfair." *Secaida–Rosales*, 331 F.3d at 308.

The agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so. *See, e.g., Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir.2005). The agency also need not "expressly parse or refute on the record each and every one of [an applicant's] purported explanations for testimonial inconsistencies or evidentiary gaps." *Xiao Ji Chen v. U.S. Department of Justice*, 434 F.3d 144, 159 n. 13 (2d Cir.2006). However, it must take into account significant factual assertions that the applicant offers, and its failure to provide a reasoned evaluation of an applicant's explanations for discrepancies may therefore require remand in certain circumstances. *See Latifi v. Gonzales*, 430 F.3d 103, 105 (2d Cir.2005); *Cao He Lin v. U.S. Department of Justice*, 428 F.3d 391, 403 (2d Cir.2005).

■ Here, the IJ found that Chen's testimony regarding his marriage, including the particulars of his "traditional ceremony," and a June 1999 visit from family planning officials were not included in his written application. Chen testified that he did not list his marriage in his application because his previous lawyer did not ask him that particular question. Chen was also questioned regarding why he failed to mention a June 1999 visit from family planning officials when he had mentioned a visit from the officials in September 1999. Chen again testified that the reason he did not list that visit was, again, because his attorney did not ask him that particular question.

The IJ determined that Chen's explanations, particularly regarding his failure to mention the June 1999 visit in his application, were inadequate. The IJ reasoned that, if Chen thought the September 1999 visit was a significant event to include in his application, he would likewise mention the June 1999 visit, especially since the June 1999 visit was the first visit and warning he received from the family planning officials. The IJ's conclusion is reasonable.

■ Next, with respect to Chen's failure to mention his marriage in his application, the IJ stated that he was unconvinced of the existence of the marriage itself. In addition to the fact that Chen did not think it a significant factor when discussing Qingyan's pregnancy with his attorney, the IJ pointed out that Chen continually referred to Qingyan as his girlfriend during the hearing. The IJ also found relevant the fact that Chen did not know the names of Qingyan's parents, instead testifying that he calls them mother and father.

■ Lastly, the IJ found particularly troubling the fact that Chen recanted his original claim—that his girlfriend became pregnant and was forced to have an abortion—asserting that his statements were "not correct." The IJ observed that Chen's explanation for his recantation and later withdrawal of the recantation—that he had falsely changed his story after talking to some "people on the street"—demonstrated that Chen was willing to take any position he believed would succeed regardless of the truth.

Because the IJ provided Chen with an opportunity to explain his omissions, the IJ reasonably determined that it was unlikely that Chen would have simply failed to include such information in his application given the importance of each event to his asylum claim.

■ The IJ next determined that there were numerous internal inconsistencies within Chen's testimony. Not only did Chen testify inconsistently regarding the events that surrounded his girlfriend's alleged pregnancy, i.e., when she became pregnant, when he found out, and when her due-date was, he also provided inconsistent testimony concerning the events surrounding the persecution itself—visits from the family planning officials. The IJ concluded that contradictions concerning these matters related to the heart of

Chen's claim for asylum and thus undermined his credibility. *See Secaida–Rosales v. INS*, 331 F.3d at 308–09; *Latifi*, 430 F.3d at 105.

■ The IJ's reliance on various inconsistencies, omissions, and discrepancies in Chen's testimony and documentary evidence was appropriate, and his adverse credibility determination is thus substantially supported by the record as a whole. Because these inconsistencies are so intricately tied to Chen's asylum claim, and the IJ's ruling is supported by substantial evidence. Because the only evidence of a threat to Chen's life or freedom depended upon the petitioner's credibility, the adverse credibility determination in this case necessarily precludes success on his claim for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006); *Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003).

■ Chen failed to raise any arguments regarding the denial of his CAT claim in his brief to this Court. Accordingly, these claims should be deemed waived. *See Jian Wen Wang v. BCIS*, 437 F.3d 276, 278 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).