JIAN WEN WANG, Petitioner,

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICE,**
Respondent.

**Docket No. 04–1524–AG.**

United States Court of Appeals,
Second Circuit.

Submitted: Jan. 9, 2006.

Decided: Jan. 31, 2006.

Lorance Hockert, New York, NY, for Petitioner.

Jonathan S. Gasser, Acting United States Attorney for the District of South Carolina (Christie V. Newman, Assistant United States Attorney, of counsel), Columbia, SC, for Respondent.

Before: WALKER, Chief Judge,
STRAUB, and SACK, Circuit Judges.

SACK, Circuit Judge.

■ Jian Wen Wang petitions for review of a Board of Immigration Appeals (BIA) decision denying his motion to reopen consideration of his application for asylum pursuant to 8 C.F.R. § 1003.2. Wang argues that his recent marriage and his new wife's pregnancy constitute changed circumstances. Specifically, Wang argues that because—before she married Wang and while she was still in China—his new wife had been subjected to a forced abortion, Wang now has a well-founded fear of future persecution if he returns to China. We review the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *Khouzam v. Ashcroft,* 361 F.3d 161, 165 (2d Cir.2004).

In order to qualify as a "refugee" for purposes of asylum, an alien must demonstrate a "well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42). Under a 1996 amendment to the Immigra-tion and Nationality Act, forced abortions constitute persecution on the basis of political opinion for purposes of refugee status:

> For purposes of determinations under this chapter, a person who has been forced to abort a pregnancy or to undergo involuntary sterilization, or who has been persecuted for failure or refusal to undergo such a procedure or for other resistance to a coercive population control program, shall be deemed to have been persecuted on account of political opinion, and a person who has a well founded fear that he or she will be forced to undergo such a procedure or subject to persecution for such failure, refusal, or resistance shall be deemed to have a well founded fear of persecution on account of political opinion.

*Id.* "Although the statute does not explicitly so provide, protection under this provision has also been afforded to the spouses of people subject to forced abortions, involuntary sterilization, or otherwise directly subjected to coercive family planning policies." *Ai Feng Yuan v. U.S. Dep't of Justice,* 416 F.3d 192, 196 (2d Cir.2005).

■ We have declined, however, to expand the category of people automatically eligible for asylum based on forced abortion or sterilization beyond the person subjected to the procedure and his or her spouse. We have concluded that "parents and in-laws of people persecuted under a coercive family planning policy are not *per se* eligible for political asylum," *id.* at 197, and that "children of those directly victimized by coercive family planning polices [are precluded] from establishing that they are *per se* as eligible for relief as those directly victimized," *Shao Yan Chen v. U.S. Dep't of Justice,* 417 F.3d 303, 305 (2d Cir.2005) (per curiam) (emphasis omitted).

■ Wang was neither married to his current wife at the time she underwent a

forced abortion, nor was he the father of the aborted fetus. He therefore can show no relationship with his wife at the time of her abortion that was stronger than the relationship existing between a person persecuted under China's coercive population polices and that person's children, parents, or in-laws—all of whom bear relationships to the person subjected to forced abortion or sterilization that this Court has rejected as qualifying for *per se* eligibility for asylum.

■ Wang also asserts that he has a well-founded fear of persecution because he has a child in China and because his wife recently gave birth in the United States to the couple's first child. Wang has, however, presented no evidence to show the likelihood that a person in his situation would be subject to persecution if he returned to China with children born in the United States. His claim is therefore speculative and fails to meet the standard for a well-founded fear of persecution. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir.2005) (concluding that, "[i]n the absence of solid support in the record" for petitioner's assertion that he will be subjected to persecution on account of his two United States born children, "his fear is speculative at best").

Because Wang does not raise his claim of withholding of removal in his petition to this Court, he has waived any challenge to the agency's denial of that claim. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005); *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998). Because a petition for review by his wife is not before the Court, we cannot consider Wang's request that his case be consolidated with his wife's case.

For the foregoing reasons, we conclude that the BIA did not abuse its discretion in denying Wang's motion to reopen. The petition for review is therefore denied. Having completed our review, Wang's pending motion for a stay of removal in this petition is denied as moot, and his request for oral argument in this petition is denied in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).