**SUI XIANG ZHANG, Da Ming Chu, Petitioners,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Alberto R. Gonzales,[1] Attorney General, Respondent.**

Nos. 04–4027–ag(L), 04–4028–ag(CON).

United States Court of Appeals, Second Circuit.

May 3, 2006.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

David X. Feng, New York, New York, for Petitioners.

Matthew H. Mead, United States Attorney for the District of Wyoming, Carol A. Statkus, Assistant United States Attorney, Cheyenne, Wyoming, for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. DENNIS JACOBS, and Hon. CHESTER J. STRAUB, Circuit Judges.

### SUMMARY ORDER

Sui Xiang Zhang and Da Ming Chu, through counsel, petition for review of the BIA decision affirming decision of Immigration Judge ("IJ") William F. Jankun denying their claims for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); see, e.g., Zhou Yun Zhang v. INS, 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

Zhang's asylum claim was denied on the ground that she failed to prove that her application was filed within one year of entry into the United States. Since Zhang did not challenge that ruling before the BIA or in her brief to this Court, the challenge is both unexhausted and waived. See Ivanishvili v. U.S. Dep't of Justice, 433 F.3d 332, 343 (2d Cir.2006); Jian Wen Wang v. BCIS, 437 F.3d 276, 278 (2d Cir. 2006).

With respect to Zhang's withholding claim, the IJ determined that Zhang was not credible in her assertion that she was forcibly sterilized by the Chinese government, citing numerous inconsistencies between her testimony and her husband's testimony. Zhang's brief to the BIA did not address her withholding of removal claim or the adverse credibility finding; it addressed only the denial of Chu's asylum claim. Accordingly, this claim is not exhausted, and this Court lacks jurisdiction to review the denial of Zhang's withholding of removal claim. See Ivanishvili, 433 F.3d at 343.

Based on the BIA's decision in Matter of C–Y–Z–, 21 I. & N. Dec. 915, 1997 WL 353222 (BIA 1997), the IJ determined that Chu was ineligible because he was not legally married to Zhang when she was allegedly sterilized. Chu did not challenge the IJ's determination before the BIA, or in his brief to this Court, and this claim is both unexhausted and waived. See Jian Wen Wang, 437 F.3d at 278.

The BIA denied Zhang's and Chu's CAT claims because petitioners did not

provide sufficient evidence that they suffered torture in China or that it was more likely than not they would be tortured if returned to China. Again, Zhang and Chu failed to raise the denial of this claim in their brief to the BIA, and we lack jurisdiction because it has not been exhausted. *See Ivanishvili,* 433 F.3d at 343.

For the foregoing reasons, the petitions for review are DENIED. Having completed our review, the pending motion for a stay of removal in these petitions is DENIED as moot.