**RIYANTO, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Alberto Gonzales, Attorney General, Respondents.**

No. 05–4039–ag.

United States Court of Appeals, Second Circuit.

June 9, 2006.

David X. Feng, New York, NY, for Petitioner.

Daniel G. Bogden, United States Attorney for the District of Nevada, Brian L. Sullivan, Assistant United States Attorney, Reno, NV, for Respondent.

PRESENT: Hon. THOMAS J. MESKILL, Hon. CHESTER J. STRAUB and Hon. SONIA SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

Riyanto, through counsel, petitions for review of the BIA's July 19, 2005 decision affirming Immigration Judge ("IJ") Wil-liam P. Van Wyke's decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Where, as here, the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005). This Court reviews the IJ's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004).

The IJ denied Riyanto's asylum claim because he failed to prove that he filed his application within one year of entry into the United States or that extraordinary circumstances or changed country conditions excuse the late filing of his application. Riyanto does not make any arguments in his brief challenging the IJ's one-year bar finding. Accordingly, his asylum claim is waived. *See Jian Wen Wang v. BCIS,* 437 F.3d 276, 278 (2d Cir.2006).

If Riyanto were able to show that he suffered past persecution in Indonesia, there would be a presumption of a clear probability of persecution for purposes of his withholding of removal claim. 8 C.F.R. § 1208.16(b)(1)(i). In this case, however, the IJ's finding that Riyanto did not suffer past persecution in Indonesia is supported by substantial evidence. The BIA has defined persecution as "a threat to the life or freedom of, or the infliction of suffering or harm upon, those who differ in a way regarded as offensive." *Matter of Acosta,* 19 I. & N. Dec. 211, 222, 1985 WL 56042 (BIA 1985). The standard requires that the alleged harm be severe. *Ai Feng Yuan v. U.S. Dep't of Justice,* 416 F.3d 192, 198 (2d Cir.2005) (citing *Ghaly v. INS,*

58 F.3d 1425, 1431 (9th Cir.1995))("Persecution is an extreme concept that does not include every sort of treatment our society regards as offensive."). In this case, Riyanto stated that he was often called names on his way home from school because he was Chinese. He also testified about an incident that occurred during the 1998 riots, at which a group of people stopped Riyanto on his motorbike. The harms alleged do not compel a contrary finding as to past persecution.

The IJ also did not err in finding that Riyanto failed to prove it was more likely than not he would suffer persecution upon his return to Indonesia. The supporting documents do reflect tensions between ethnic Chinese and native Indonesians, as well as some discrimination against Christians, but the documents do not compel a finding that it is more likely than not Riyanto will be persecuted if he returns to Indonesia. Accordingly, the IJ's finding that Riyanto failed to meet his burden of proof regarding his withholding of removal claim is supported by substantial evidence.

Because Riyanto did not raise any arguments relating to his CAT claim in his brief to this Court, it is deemed waived. *See Jian Wen Wang*, 437 F.3d at 278.

Accordingly, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DENIED as moot.