### Jantje KALIGIS,[1] Petitioner,

### v.

### Alberto R. GONZALES, Attorney General, Respondent.

#### No. 05–5081–ag.

United States Court of Appeals, Second Circuit.

June 14, 2006.

Ronald S. Salomon, New York, NY, for Petitioner.

Donald J. DeGabrielle, Jr., United States Attorney for the Southern District of Texas, Nancy L. Masso, Assistant United States Attorney, Brownsville, TX, for Respondent.

---

1. We amend the official caption to reflect the petitioner's name as spelled on the petition for review and certified administrative record.

PRESENT: Hon. THOMAS J. MESKILL, Hon. CHESTER J. STRAUB, and Hon. SONIA SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

Jantje Kaligis, petitions for review of the BIA's—August 23, 2005 decision affirming Immigration Judge ("IJ") Barbara Nelson's April 21, 2004 decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Where, as here, the BIA's decision affirms the IJ's holding and supplements it, this Court will review the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). This Court reviews the IJ's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004).

The IJ denied Kaligis's asylum claim because he failed to prove that he filed his application within one year of entry into the United States or that changed circumstances, that materially affected his eligibility for asylum, excuse the late filing of his application. The plain language of 8 U.S.C. §§ 1158(a)(3) and 1252(a)(2)(D) limits jurisdiction of this Court to the review of constitutional claims or questions of law relating to the one-year bar. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 151–52 (2d Cir.2006). In this case, Kaligis challenges only the IJ's determination that he did not prove changed circumstances in Indonesia; he does not assert any constitutional claims or questions of law. Because he does not raise any constitutional claims or questions of law, this Court lacks jurisdiction over his asylum claim. *See id.* at 154.

The BIA added to the IJ's decision by stating that Kaligis failed to meet the respective burdens of proof for his withholding of removal and CAT claims, even if he was credible regarding his experiences in Indonesia. Throughout his brief, Kaligis argues that he has a well-founded fear of persecution based on the country conditions in Indonesia. He also asserts that he need not show he would personally be targeted for persecution in order to prove a well-founded fear of persecution. Although Kaligis raises this argument in the context of his asylum claim, this same law applies to his withholding of removal claim. While the BIA did not provide specific citations to articles in the record supporting its conclusion, it is presumed that the IJ considered all of the evidence in the record. *See id.* at 159 n. 13. The supporting documents do reflect that there are tensions between ethnic Chinese and native Indonesians, as well as some discrimination against Christians, but the documents do not compel a finding that there is a reasonable likelihood that Kaligis will be persecuted if he returns to Indonesia. Accordingly, the BIA's finding that Kaligis failed to meet his burden of proof regarding his withholding of removal claim is supported by substantial evidence.

Because Kaligis did not raise any arguments relating to his CAT claim in either his brief to the BIA or in his brief to this Court, it is deemed unexhausted and waived. *See* 8 U.S.C. § 1252(d)(1) (regarding exhaustion); *see also Jian Wen Wang v. BCIS*, 437 F.3d 276, 278 (2d Cir. 2006) (regarding waiver).

Accordingly, the petition for review is DENIED.