**Laurens Doni KUHU, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 05–4001–ag.**

United States Court of Appeals, Second Circuit.

June 27, 2006.

Ronald S. Salomon, New York, New York, for Petitioner.

Amul R. Thapar, United States Attorney for the Eastern District of Kentucky, Marianna Jackson–Clay, Assistant United States Attorney, Lexington, Kentucky, for Respondent.

PRESENT: Hon. JAMES L. OAKES, Hon. CHESTER J. STRAUB, and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Laurens Doni Kuhu, through counsel, petitions for review of the BIA's decision affirming Immigration Judge ("IJ") Patri-cia Rohan's decision denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When, as here, the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004).

■ The IJ denied Kuhu's asylum claim because he failed to prove that he filed his application within one year of entry into the United States or that a change in country conditions justified the late filing. The plain language of 8 U.S.C. § 1252(a)(2)(D) confers jurisdiction on this Court to review only constitutional claims or questions of law relating to the one-year bar. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 151–52 (2d Cir.2006). In this case, Kuhu argues only that the IJ failed to consider all of the background evidence in determining that there was no change in country conditions. Since this is not a question of law or a constitutional claim, this Court lacks jurisdiction over the one-year bar finding. *See id.* at 154 (holding that the court has no jurisdiction to evaluate factual or discretionary determinations relating to the one-year bar).

■ Even though this Court lacks jurisdiction over Kuhu's asylum claim, his assertion that he will be persecuted in Indonesia on account of his religious beliefs is still relevant to his withholding of removal claim. *See* 8 C.F.R. § 208.16(b)(2). As the IJ acknowledged in her decision,

the supporting documents do reflect that there are tensions between Christians and the Muslim majority in Indonesia. However, the reports indicate that violence against Christians has decreased within the last several years, and the Indonesian government generally respected its citizens' rights to adhere to their respective religions. Although the documents describe some of the specific instances of violence against Christians over the last several years, the information contained in the reports is not sufficient to compel a finding that there is a greater than 50% chance Kuhu will be persecuted in Indonesia. Kuhu pointed to no specific acts of persecution directed at himself or his family or acquaintances; indeed, as the IJ noted, Kuhu's family, who remain in Indonesia, continue to attend church without suffering persecution. Accordingly, the IJ's finding that Kuhu failed to meet his burden of proof regarding his withholding of removal claim is supported by substantial evidence.

Kuhu's argument that his case should be remanded to the BIA for consideration of a newly released country report is also erroneous. This Court is unable to consider that document, as it can review only the record upon which the removal order is based. 8 U.S.C. § 1252(b)(4)(A). In addition, the proper way to bring new evidence of changed country conditions would be in the form of a motion to reopen with the agency. Although this Court has, on occasion, remanded to the agency for consideration of new evidence, *see Qun Yang v. McElroy,* 277 F.3d 158 (2d Cir.2002), the circumstances in which it has done so—namely major changes in country conditions occurring since the agency's decision—are not present here.

Because Kuhu did not raise any arguments relating to his CAT claim in his brief to this Court, it is waived. *See Jian*

*Wen Wang v. BCIS,* 437 F.3d 276, 278 (2d Cir.2006).

Accordingly, the petition for review is DISMISSED in part and DENIED in part.