QI XIAN CHEN, Petitioner,

v.

Alberto R. GONZALES, Attorney General of the United States, The United States Department of Justice, Michael Chertoff, Secretary of the Department of Homeland Security, and the Department of Homeland Security, Respondents.

No. 05–6578–ag.

United States Court of Appeals, Second Circuit.

Sept. 15, 2006.

Douglas B. Payne, New York, New York, for Petitioner.

Steven M. Biskupic, United States Attorney for the Eastern District of Wisconsin, Lennie A. Lehman, Assistant United States Attorney, Milwaukee, Wisconsin, for Respondents.

PRESENT: Hon. JON O. NEWMAN, Hon. JOSÉ A. CABRANES, Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Petitioner Qi Xian Chen, a native and citizen of China, seeks review of a November 17, 2005 order of the BIA affirming the April 20, 2004 decision of Immigration Judge ("IJ") Robert D. Weisel denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Qi Xian Chen,* No. A77 958 158 (B.I.A. Nov. 17, 2005), *aff'g* No. A77 958 158 (Immig. Ct. N.Y. City Apr. 20, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When, as here, the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its factfinding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 158 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded). The Court reviews *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales,* 331 F.3d at 307.

The IJ denied Chen's asylum claim because he failed to prove that extraordinary circumstances or that ineffective assistance of counsel prevented him from filing his application within one year of entry into the United States. The plain language of 8 U.S.C. § 1158(a)(2)(D) and (3) confers jurisdiction on this Court to review only constitutional claims or questions of law relating to the one-year bar. *See Xiao Ji Chen,* 434 F.3d at 151–52. Chen asserts that the IJ denied him due process by failing to notify him of the procedural requirements and by giving him the impression that his application would be accepted even if untimely filed. These arguments, however, are factual determinations, "cloaked ... in a constitutional garb." *Saloum v. USCIS,* 437 F.3d 238, 243 (2d Cir.2006) (quoting *Torres–Aguilar v. INS,* 246 F.3d 1267, 1271 (9th Cir.2001)). This Court held in *Saloum* that a petitioner's invocation of the language of "due process" does not itself suffice to provide this Court with jurisdiction to review petitioner's claims. Although the Court retains jurisdiction to review due process challenges under the "constitutional claims" language of the REAL ID Act, "a petitioner must allege at least a colorable constitutional violation." *Id.*

Here, Chen's arguments are nothing more than "abuse of discretion" arguments, matters over which this Court has no jurisdiction. *See id.* at 244. Moreover, Chen has failed to present a colorable constitutional claim, as the mandatory requirements for establishing ineffective assistance of counsel are clearly stated in the regulations. *See* 8 C.F.R. § 208.4(a)(5)(iii); *Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 338 (2d Cir.2006). In addition, there is no requirement that the IJ notify the applicant of a possible one-year problem; the requirement that an asylum application be filed within one year of entry

is clearly set forth in the statute. *See* 8 U.S.C. § 1158(a)(2)(B). Chen has not asserted any questions of law that can be reviewed by this Court. Accordingly, the government is correct that this Court lacks jurisdiction over Chen's asylum claim and the IJ's one-year bar finding. *See Xiao Ji Chen,* 434 F.3d at 151–52.

However, we retain jurisdiction over Chen's withholding of removal claim, and we find that the IJ's denial of this claim is supported by substantial evidence. As the IJ noted, Chen failed to present sufficient evidence that the family planning officials were still interested in him. Chen did not provide affidavits from anyone in China, nor did he provide any other documentary evidence to indicate that the family planning officials would harm him because of his encounters with them in the past. As a result, Chen failed to establish that he would be personally targeted for persecution upon his return to China. Although an applicant can also succeed on a withholding of removal claim by establishing a pattern and practice of persecution against similarly situated individuals, *see* 8 C.F.R. § 208.16(b)(2)(i), Chen has not shown that here. Both Chen and his wife testified that Chen would return to China by himself if he is forcibly removed from the United States. Even though Chen submitted evidence regarding the family planning policy in China, Chen did not prove that the government would be aware of his U.S.-born children. Accordingly, we agree with the IJ's denial of Chen's withholding of removal claim.

Because Chen did not raise any arguments relating to his CAT claim in his brief to this Court, it is deemed waived. *See Jian Wen Wang v. BCIS,* 437 F.3d 276, 278 (2d Cir.2006).

Accordingly, the petition for review is DISMISSED for lack of jurisdiction in part and DENIED in part. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).