**LI NI XIU, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 03–40902–ag.**

United States Court of Appeals, Second Circuit.

Oct. 4, 2006.

Aleksander Milch, Christophe & Associates, New York, NY, for Petitioner.

Robert C. Balfe, United States Attorney for the Western District of Arkansas, Deborah J. Groom, Assistant United States Attorney, Fort Smith, AR, for Respondent.

Present: Hon. WILFRED FEINBERG, Hon. JOSÉ A. CABRANES, Hon. ROSEMARY S. POOLER, Circuit Judges.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

**134**

## SUMMARY ORDER

Petitioner Li Ni Xiu, a native and citizen of China, seeks review of an October 23, 2003 order of the BIA affirming the July 23, 2002 decision of Immigration Judge ("IJ") Roxanne C. Hladylowycz denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Li Ni Xiu,* No. A78–745–465 (BIA Oct. 23, 2003), *aff'g* No. 78–745–465 (Immig. Ct. N.Y. City July 23, 2002). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Because Xiu does not claim in her brief that she incurred past persecution, any such argument is waived. *See Jian Wen Wang v. BCIS,* 437 F.3d 276, 278 (2d Cir. 2006). However, she does challenge the BIA's well-founded fear of persecution finding, which can serve as an alternative means for succeeding on an asylum claim. 8 U.S.C. § 1101(a)(42). To establish asylum eligibility based on future persecution, an applicant must show that she subjectively fears persecution and that this fear is objectively reasonable. *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir. 2004). We find no error in the BIA's conclusion that Xiu offered no evidence that would provide an objective basis for any subjective fear she may have had. Therefore, we deny review on Xiu's asylum claim.

Because the IJ did not err in denying Xiu's asylum claim, the IJ's denial of her related withholding of removal claim is also legally correct. *See Wu Biao Chen v. INS,* 344 F.3d 272, 276 (2d Cir.2003).

Xiu also did not present any evidence that she was more likely than not to be tortured in China, whether on account of her religion or for any other reason. Accordingly, the BIA reasonably determined that Xiu failed to meet her burden of proof regarding her CAT claim.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).