**Alpha BAH, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

No. 06–2901–ag.

United States Court of Appeals, Second Circuit.

Dec. 11, 2006.

Theodore Vialet, New York, New York, for Petitioner.

Reginald I. Lloyd, United States Attorney for the District of South Carolina, Beth Drake, Assistant United States Attorney, Columbia, South Carolina, for Respondent.

PRESENT: Hon. ROBERT D. SACK, Hon. REENA RAGGI, Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Petitioner Alpha Bah, a native and citizen of Sierra Leone, seeks review of a May 22, 2006, order of the BIA affirming the January 31, 2005, decision of Immigration Judge ("IJ") William Van Wyke denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Alpha Bah*, No. A78 230 265 (B.I.A. May 22, 2006), *aff'g* No. A78 230 265 (Immig. Ct. N.Y. City Jan. 31, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

■ Where, as here, the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales*, 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003). Here, the IJ barred Bah's asylum claim because he failed to prove that he filed his application within one year of entry into the United States. The Immigration and Nationality Act states, in pertinent part, that: "[n]o court shall have jurisdiction to review any determination of the Attorney General," concerning the timeliness of an alien's application for asylum. *See* 8 U.S.C. § 1158(a)(2)(B), (a)(3). However, the plain language of 8 U.S.C. § 1252(a)(2)(D) provision confers jurisdiction on this Court to review constitutional

claims or questions of law relating to the one-year bar. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 151–52 (2d Cir.2006). In his brief, Bah does not raise any constitutional claims or questions of law related to the one-year bar finding; he asserts only that the IJ erred in finding that he did not prove his date of entry by clear and convincing evidence. Accordingly, Bah has failed to raise any arguments over which this Court retains jurisdiction, and the Court is precluded from reviewing his asylum claim.

█ In his decision, the IJ denied Bah's withholding of removal claim on adverse credibility grounds, and the BIA affirmed that finding. Even though Bah is counseled, there is no indication from the brief that Bah wishes this Court to review the denial of his withholding of removal claim. Accordingly, his withholding of removal claim is deemed waived. *See Jian Wen Wang v. BCIS*, 437 F.3d 276, 278 (2d Cir. 2006). Bah also failed to raise any arguments challenging the denial of his CAT claim, and, as a result, that claim is considered waived. *Id.*

Accordingly, the petition for review is DISMISSED for lack of jurisdiction with respect to petitioner's asylum claim and DENIED with respect to his withholding of removal and CAT claims. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).