**ZHONG MING CHEN, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 04–4759–ag.**

United States Court of Appeals, Second Circuit.

Dec. 26, 2006.

Karen Jaffe, New York, New York, for Petitioner.

Charles T. Miller, Acting United States Attorney for the District of West Virginia, John K. Webb, Assistant United States Attorney, Charleston, West Virginia, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. ROGER J. MINER, Hon. SONIA SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

Petitioner Zhong Ming Chen, a native and citizen of China, has filed a petition for review of an August 26, 2004, order of the BIA denying his motion to reopen. *In re Zhong Ming Chen,* No. A77 308 983 (B.I.A. Aug. 26, 2004). In a previous decision, the BIA affirmed a decision by Immigration Judge ("IJ") Victoria Ghartey, denying Chen's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhong Ming Chen,* No. A77 308 983 (B.I.A. Dec. 5, 2003), *aff'g* No. A77 308 983 (Immig. Ct. N.Y. City Aug. 9, 2002). We assume the parties' familiarity with the underlying facts and procedural history.

Chen filed an untimely petition for review of the BIA's denial of his merits appeal more than six months after that decision was issued. 8 U.S.C. § 1252(b)(1) (petitions for review must be filed within

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for for- mer Attorney General John Ashcroft as the respondent in this case.

30 days of the date of final order of removal). However, Chen's petition for review is timely with respect to the BIA's denial of his motion to reopen. With respect to a motion to reopen, this Court is precluded from passing on the merits of the underlying claim for relief, and review must be confined to the denial of the petitioner's motion to reopen the proceedings. *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 90 (2d Cir.2001). Accordingly, the only issue that is properly before this Court is whether the BIA abused its discretion in denying Chen's motion to reopen as untimely.

On appeal, Chen states twice that the BIA abused its discretion in denying his motion to reopen, but he does not challenge the BIA's reasons for the denial of his motion to reopen, and the entire analysis section focuses on the IJ's findings regarding past persecution and well-founded fear of persecution. Because Chen does not sufficiently raise any issues relating to his motion to reopen, all reviewable claims are waived. *See Jian Wen Wang v. BCIS*, 437 F.3d 276, 278 (2d Cir.2006).

Accordingly, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).