**XIANG LIN, Petitioner,**

v.

**U.S. ATTORNEY GENERAL,**
**Respondent.**

No. 06–2545–ag.

United States Court of Appeals,
Second Circuit.

Jan. 8, 2007.

Liu Yu, New York, New York, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Leslie McKay, Senior Litigation Counsel, Sarah Maloney, Attorney, Office of Immigration Litigation, Washington, District of Columbia, for Respondent.

PRESENT: Hon. WALKER, Hon. GUIDO CALABRESI, Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Petitioner Xiang Lin, a native and citizen of China, seeks review of a May 19, 2006 order of the BIA affirming the February 4, 2005 decision of Immigration Judge ("IJ") Roxanne C. Hladylowycz denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xiang Lin*, No. A79 437 181 (B.I.A. May 19, 2006), *aff'g* No. A79 437 181 (Immig. Ct. N.Y. City Feb. 4, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Here, the BIA adopted and affirmed the IJ's burden of proof findings, and as a result, this Court reviews the IJ's determination directly. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, this Court will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 158 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

■ The government argues that Lin waived all relevant claims because she addressed the IJ's finding in an adverse credibility context, even though the agency did not deny Lin's claims on adverse credibility grounds. Although the government is correct that the agency denied Lin's claims for failure to meet her burden of proof, part of that finding was based on inconsistencies and implausibilities in Lin's testimony. Lin has meaningfully addressed whether those findings were supported by the record, and she addressed the IJ's corroboration finding in her brief. Accordingly, we find that Lin has sufficiently raised the relevant, appealable issues, relating to her asylum and withholding of removal claims, in her brief. However, Lin has failed to raise any challenge to the denial of her withholding of removal and CAT claims in her brief to this Court. Accordingly, this Court considers these claim waived. *See, e.g., Jian Wen Wang v. BCIS,* 437 F.3d 276, 278 (2d Cir.2006).

■ The IJ denied Lin's asylum claim because her testimony was not sufficiently consistent to carry her burden of proof on its own. In this regard, the IJ's determination is supported by substantial evidence. At her hearing, Lin testified that her parents had obtained her notarial birth certificate after she fled China. However, Lin had also testified that her parents were allegedly in hiding when the birth certificate was issued from Fujian province, and she did not provide an explanation for this apparent inconsistency. In addition, the IJ was reasonable in questioning Lin's veracity about her own involvement in Christianity when she failed to mention it at her airport and credible fear interviews. Accordingly, even though the IJ did not make an explicit adverse credibility finding, the IJ was reasonable in finding that Lin's testimony alone was insufficient to meet her burden of proof.

■ The IJ was also reasonable in requiring Lin to submit additional corroboration in support of her claims. *See Matter of Y–B–,* 21 I. & N. Dec. 1136, 1139 (BIA 1998); *Matter of E–P–,* 21 I. & N. Dec. 860, 862 (BIA 1997); *see also Diallo v. INS,* 232 F.3d 279, 286 (2d Cir.2000). Before denying a claim solely because of an applicant's failure to provide corroborating evidence, the agency must "explain specifically, either in its decision or otherwise in the record: (1) why it is reasonable under the BIA's standards to expect such corroboration; and (2) why [the applicant's] proffered explanations for the lack of such corroboration are insufficient." *Diallo,* 232 F.3d at 290. The IJ complied with

these requirements when she found that Lin had failed to submit sufficient evidence proving her experiences in China as well as her commitment to her religion in the United States. Lin did not submit a letter from her parents, despite the fact that they would have been able to corroborate her claim that the police sought them for arrest. Lin explained only that her parents could not write her because they did not know her address in the United States. Here, a reasonable fact-finder would not have been compelled to accept Lin's explanation, especially considering her testimony that her parents sent her the notarial birth certificate. *See, e.g., Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005). The IJ was also reasonable in faulting Lin for failing to provide any evidence of her involvement in Christianity in the United States. Although Lin explained that she could not find anyone to testify on her behalf, she did not provide an explanation as to why a church member would not have been able to write a letter on her behalf. Lin did submit a form from her church verifying that she regularly attended church, but the IJ was reasonable in finding that this was insufficient. Lin also submitted a baptismal certificate, which the IJ did not acknowledge, but this certificate is not compelling because, as the IJ noted, Lin failed to explain why she had been baptized twice. Accordingly, the IJ's finding that Lin failed to adequately corroborate her claims, in light of her questionable testimony, is supported by substantial evidence.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).