**Ramata BAH, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondents.**

**No. 06–3359–ag.**

United States Court of Appeals,
Second Circuit.

Jan. 30, 2007.

---

1. Theresa Pauling was improperly named as the respondent in Bah's petition for review. We replaced that respondent with Alberto R. Gonzales, who is the statutorily-designated respondent in petitions for review of final orders of removal. 8 U.S.C. § 1252(b)(3)(A).

Ramata Bah, pro se, Brooklyn, New York, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Linda S. Wernery, Assistant Director, Sarah Maloney, Attorney, Office of Immigration Litigation, Washington D.C., for Respondent.

PRESENT: Hon. WALKER, Hon. CHESTER J. STRAUB, Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Petitioner Ramata Bah, an alleged native and citizen of Sierra Leone, seeks review of a June 19, 2006 order of the BIA affirming the November 3, 2004 decision of Immigration Judge ("IJ") Helen Sichel denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ramata Bah*, No. A95 363 887 (B.I.A. June 19, 2006), *aff'g* No. A95 363 887 (Immig. Ct. N.Y. City Nov. 3, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

■ Where, as here, the BIA issued an opinion that fully adopted the IJ's decision, we review the IJ's decision. *See Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005). The IJ denied Bah's asylum application because she failed to prove that she filed her application within one year of her date of entry. We lack jurisdiction to review that determination. The Immigration and Nationality Act states that "[n]o court shall have jurisdiction to review any determination of the Attorney General" concerning the timeliness of an alien's application for asylum. *See* 8 U.S.C. § 1158(a)(3). In interpreting this provision, we have held that we lack jurisdiction to review the petitioner's asylum claim as it relates to "the correctness of an IJ's fact-finding or the wisdom of his exercise of discretion and raises neither a constitutional claim nor a question of law." *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 329 (2d Cir.2006). While Bah claims that her asylum claim was dismissed as untimely as a matter of law, her argument is only that the IJ inappropriately weighed the evidence. Accordingly, Bah has not asserted any questions of law or constitutional claims that can be reviewed by this court.

■ In denying the merits of Bah's claim for withholding of removal, the IJ found that she had failed to establish her "identity, nationality, and physical presence" by credible corroborating evidence. We review these types of factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

Before denying a claim solely because of an applicant's failure to provide corroborating evidence, the agency must "explain specifically, either in its decision or otherwise in the record: (1) why it is reasonable under the BIA's standards to expect such corroboration; and (2) why [the applicant's] proffered explanations for the lack of such corroboration are insufficient." *Diallo v. INS,* 232 F.3d 279, 290 (2d Cir. 2000). The adjudicator must also identify the particular pieces of missing, relevant documents, and show that the documentation at issue was reasonably available to the petitioner. *Jin Shui Qiu v. Ashcroft,* 329 F.3d 140, 153 (2d Cir.2003) (citing *Diallo,* 232 F.3d at 290).

■ The IJ complied with these requirements and reasonably rejected Bah's explanation for the missing evidence. First, the IJ reasonably rejected the document allegedly issued by the Sierra Leone Embassy in Washington D.C. based on its finding on the conflicting testimony regarding the document's origin. The document indicated that the author verified Bah's Sierra Leonean citizenship by "exhaustively interviewing" Bah as well as another individual known to be of Sierra Leone citizenship. Bah testified, however, that she had never been to Washington D.C. and that the person who interviewed her was not an Embassy employee. Moreover, the IJ reasonably determined that Jalloh's testimony was insufficient to prove Bah's citizenship, particularly since Jalloh did not meet Bah until she arrived in the United States.

■ Second, the IJ reasonably faulted Bah for failing to provide any birth certificates or passports to verify her citizenship. As the IJ noted, birth certificates for Bah's children would have been helpful to prove that Bah was in Sierra Leone when they were born. At the hearing, Bah essentially admitted that her children's birth certificates may have been reasonably available to her. Because it is her burden to present material evidence of her citizenship and presence in Sierra Leone, the IJ was

reasonable in faulting her for failing to provide this documentation to the court. For these same reasons, the IJ did not err in finding that Bah's failure to present any documents regarding her own citizenship was detrimental to her claims.

■ Bah has failed to raise any arguments regarding the denial of her CAT claim in her brief to this court, and that claim is deemed waived. *See Jian Wen Wang v. BCIS*, 437 F.3d 276, 278 (2d Cir. 2006).

■ Bah argues that the IJ erred in failing to consider the merits of her claims of past persecution and well-founded fear of future persecution. Bah's arguments are misplaced because Bah's citizenship and presence in Sierra Leone are threshold elements for establishing her claims for relief.

■ Finally, Bah argues that the BIA erred in affirming the IJ's decision without providing an independent analysis of her claims. We lack jurisdiction to review a BIA member's decision to resolve an appeal unilaterally through the streamlining regulations pursuant to 8 C.F.R. § 1003.1(e)(5) rather than referring it to a three-member BIA panel. *Guyadin v. Gonzales*, 449 F.3d 465, 470 (2d Cir.2006).

Accordingly, the petition for review is DISMISSED for lack of jurisdiction with respect to petitioner's asylum claim and DENIED with respect to her withholding of removal and CAT claims. The pending motion for a stay of removal in this petition is DISMISSED as moot.