Ani INDRAWATI, Petitioner,

v.

BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES, Respondent.

No. 05–6856–ag.

United States Court of Appeals, Second Circuit.

Feb. 5, 2007.

Theodore N. Cox, New York, New York, for Petitioner.

Jerry L. Short, Assistant United States Attorney (Bradley J. Schlozman, United States Attorney for the Western District of Missouri, on the brief), Kansas City, Missouri, for Respondent.

PRESENT: Hon. WALKER, Hon. RICHARD C. WESLEY, and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Ani Indrawati, a native and citizen of Indonesia, seeks review of a December 6, 2005 order of the BIA affirming the August 20, 2004 decision of Immigration Judge ("IJ") George T. Chew denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ani Indrawati,* No. A97 965 627 (B.I.A. Dec. 6, 2005), *aff'g* No. A97 965 627 (Immig. Ct. N.Y. City Aug. 20, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). This Court reviews the agency's factual findings

under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, this Court will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 335 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

■ Indrawati does not raise any arguments challenging the denial of her asylum claim, and as a result, this claim is deemed waived. *See Jian Wen Wang v. BCIS,* 437 F.3d 276, 278 (2d Cir.2006). Although Indrawati requests this Court to remand to the agency for further consideration of her CAT claim, she refers to her CAT claim in only a single sentence in her brief, and that claim is also considered waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 546 n. 7 (2d Cir.2005). Accordingly, we will review only whether the agency's denial of Indrawati's withholding of removal claim is supported by substantial evidence.

■ Indrawati argues in her brief that the IJ erred in failing to find that the past harm she suffered in Indonesia rose to the level of persecution. However, she did not raise any arguments regarding her past persecution claim in her brief to the BIA. The BIA adopted and affirmed the IJ's findings, but it did not specifically address whether the harm Indrawati suffered in Indonesia constituted persecution. Accordingly, this Court lacks jurisdiction to

review these arguments. *See* 8 U.S.C. § 1252(d)(1).

■ Regarding the future persecution claim, the agency considered the evidence in the record and reasonably determined that Indrawati failed to meet her burden of proof. As the IJ acknowledged in his decision, the documents describe some specific instances of discrimination and harassment, and occasionally violence, against Christians and ethnic Chinese over the last several years in Indonesia, but the documents do not compel a finding that there is a clear probability that Indrawati will face persecution upon return to Indonesia, both because there is no "pattern or practice" of persecution against Christians or ethnic Chinese and because there is no reason to believe that Indrawati in particular would be singled out for persecution.

Accordingly, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).