**CHANG CHUN LIN, Petitioner,**

v.

**UNITED STATES ATTORNEY GENERAL, Respondent.**

No. 06–3243–ag.

United States Court of Appeals, Second Circuit.

Feb. 20, 2007.

Gang Zhou, New York, NY, for Petitioner.

Charles T. Miller, United States Attorney for the Southern District of West Virginia, Fred B. Westfall, Jr., Assistant United States Attorney, Charleston, WV, for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. SONIA SOTOMAYOR, and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner Chang Chun Lin, a native and citizen of China, seeks review of a June 16, 2006 order of the BIA affirming the January 19, 2005 decision of Immigration Judge ("IJ") Paul A. DeFonzo denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In Re Chang Chun Lin*, No. A96 353 092 (B.I.A. June 16, 2006), *aff'g* No. A96 353 092 (Immig. Ct. N.Y. City Jan. 19, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales*, 424 F.3d 122, 124 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun*

*Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

■ An applicant for asylum bears the burden of proving by clear and convincing evidence that his application was filed within one year of his arrival in the United States. 8 U.S.C. § 1158(a)(2)(B). Here, the IJ dismissed Lin's asylum claim because he failed to meet this burden. The Immigration and Nationality Act states, in pertinent part, that: "[n]o court shall have jurisdiction to review any determination of the Attorney General," concerning the timeliness of an alien's application for asylum. *See* 8 U.S.C. § 1158(a)(2)(B), (a)(3). In interpreting this provision, we have held that we lack jurisdiction to review the timeliness of a petitioner's asylum claim as it relates to "the correctness of an IJ's fact-finding or the wisdom of his exercise of discretion and raises neither a constitutional claim nor a question of law." *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 329 (2d Cir.2006). In this case, Lin challenges the IJ's one-year bar finding, but he does not raise any constitutional claim or question of law. Lin argues only that the IJ erred in using the adverse credibility determination to doubt his testimony and documentary evidence regarding his date of entry. This argument, however, seeks to challenge the IJ's factual determination that he failed to present clear and convincing evidence of his date of entry. Accordingly, we dismiss Lin's asylum claim for lack of jurisdiction.

■ As for Lin's withholding of removal claim, we find that the IJ's adverse credibility determination is supported by substantial evidence. Although we do not agree with all of the IJ's findings, we need not remand because we can confidently predict that the agency would reach the same conclusion on remand absent the error-based grounds. *Id.* at 338–39. Lin provided inconsistent testimony regarding his arrest in China, the manner in which he was beaten while in detention, and his reasons for submitting letters to the government. The IJ also reasonably found that Lin's corroborating evidence was insufficient to overcome the credibility concerns. *See, e.g., Zhou Yun Zhang,* 386 F.3d at 78. Because the inconsistencies upon which the IJ properly relied went directly to central issues in Lin's claim, the IJ's adverse credibility determination is supported by substantial evidence and a sufficient ground for denying his withholding of removal claim.

■ Lin does not raise any arguments challenging the denial of his CAT claim in his brief to this Court, and we consider this claim waived. *See Jian Wen Wang v. BCIS,* 437 F.3d 276, 278 (2d Cir.2006).

For the foregoing reasons, the petition for review is DISMISSED in part for lack of jurisdiction and DENIED in part. Having completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).