**Erijo ONORIODE, Petitioner,**

v.

**Peter D. KEISLER,[1] United States Attorney General, Respondent.**

**No. 03–4762–ag.**

United States Court of Appeals, Second Circuit.

Sept. 24, 2007.

1. Pursuant to Federal Rule of Appellate Pro-    cedure 43(c)(2), Acting Attorney General Pe-

Sandra P. Nichols, New York, NY, for Petitioner.

Terrance P. Flynn, United States Attorney for the Western District of New York, Monica J. Richards, Assistant United States Attorney, Buffalo, NY, for Respondent.

PRESENT: Hon. THOMAS J. MESKILL, Hon. GUIDO CALABRESI, and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

## *SUMMARY ORDER*

Petitioner Erijo Onoriode, a native and citizen of Nigeria, seeks review of a March 26, 2003 order of the BIA affirming the June 11, 2001 decision of Immigration Judge ("IJ") Philip J. Montante, Jr., denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In Re Erijo Onoriode,* No. A77 730 493 (B.I.A. Mar. 26, 2003), *aff'g* No. A77 730 493 (Immig. Ct. Buffalo June 11, 2001). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). However, this Court will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

In this case, the IJ denied Onoriode's two asylum claims, one based on her involvement in the Itsekiri Youth Movement and the other based on her refusal to

ter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

comply with a forced marriage arrangement, on adverse credibility grounds. Although we find that some of the IJ's findings were not supported by substantial evidence, remand would be futile because we conclude that the remaining findings are sufficient for us to confidently predict that the agency would reach the same conclusion on remand. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 338–39 (2d Cir.2006). We find that the IJ correctly relied on the following in support of his adverse credibility determination: Onoriode's conviction for fraud and attempted fraudulent entry; her omission of the chief's son's threat to pour acid on her from her asylum statement; her failure to mention a fear of the Ijaws based on her involvement with the Itsekiri Youth Movement at her border interview; the inconsistencies in her marriage certificate; and the lack of corroboration regarding her parents' deaths and the attack on her village. When viewed in the aggregate, *see, e.g., Tu Lin v. Gonzales,* 446 F.3d 395, 402 (2d Cir.2006), we can predict with confidence that the agency would adhere to its adverse credibility determination on remand. In addition, we agree with the IJ that the adverse credibility determination was a proper basis for the denial of Onoriode's political opinion and forced marriage claims.

We dismiss the petition insofar as it challenges the denial of asylum based on persecution in the form of female genital mutilation ("FGM") for failure to exhaust. This Court may review only those categories for relief that an applicant exhausts before the administrative agency. 8 U.S.C. § 1252(d)(1); *see Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 118 (2d Cir.2007) (amending *Lin Zhong v. U.S. Dep't of Justice,* 461 F.3d 101 (2d Cir. 2006)). Although the statute bars this Court from considering categories of relief that were not raised at the agency level, a petitioner's failure to argue particular is-

sues before the BIA does not, as a statutory matter, bar this Court's jurisdiction to consider those issues when raised before this Court. *Id.* at 121–22. The Court concluded that even though it is not statutorily restricted from reviewing unexhausted issues, pursuant to the judicially-imposed, and mandatory, doctrine of issue exhaustion, the Court will generally not entertain unexhausted issues. *Id.* at 107 n. 1, 122–23. Here, Onoriode failed to present any testimony regarding her FGM procedure before the IJ, and the IJ did not address that claim. She did not argue in her brief to the BIA that the IJ erred in failing to address her FGM claim. Thus, we dismiss the petition for failure to exhaust as it relates to her FGM claim. *See id.* at 121–22.

Lastly, we decline to consider Onoriode's withholding of removal and CAT claims because she failed to raise them in her brief to this Court. *See Jian Wen Wang v. BCIS,* 437 F.3d 276, 278 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).