**KAN ZHAO, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF HOMELAND SECURITY, Respondent.**

**No. 07–1528–ag.**

United States Court of Appeals, Second Circuit.

Dec. 13, 2007.

Kan Zhao, Flushing, NY, pro se.

Peter D. Keisler, Assistant Attorney, General, Civil Division, Terri J. Scadron, Assistant Director, Greg Mack, Senior Litigation Counsel, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. CHESTER J. STRAUB, and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Kan Zhao, a native and citizen of the People's Republic of China, seeks review of a March 21, 2007 order of the BIA affirming the June 30, 2005 decision of Immigration Judge ("IJ") Steven Abrams

denying his applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Kan Zhao*, No. A98 006 816 (B.I.A. Mar. 21, 2007), *aff'g* No. A98 006 816 (Immig. Ct. N.Y. City Jun. 30, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As an initial matter, we decline to review Zhao's claim based on his and his family's violation of the Chinese family planning policy, as he failed to exhaust that claim in his brief to the BIA. While the failure to exhaust issues does not present a jurisdictional bar to our review, "[i]f the government points out to the appeals court that an issue relied on before that court by a petitioner was not properly raised below, the court must in most instances decline to consider that issue." *See Lin Zhong v. U.S. Dep't. of Justice*, 480 F.3d 104, 107 n. 1 (2d Cir.2007). Here, because the Government has pointed out Zhao's failure to exhaust this issue, we do not consider it.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also, e.g., Iouri v. Ashcroft*, 487 F.3d 76, 81 (2d Cir.2007) (Citing Section 1252(b)(4)(B)). We review *de novo* questions of law, including what quantum of evidence will suffice to discharge an applicant's burden of proof. *See, e.g., Secaida–Rosales v. I.N.S.*, 331 F.3d 297, 307 (2d Cir.2003).

In the instant case, while the IJ expressed his misgivings regarding Zhao's dedication to becoming a Catholic, he did not make an explicit adverse credibility finding against Zhao. Thus, we assume Zhao's credibility, *see Yan Chen v. Gonzales*, 417 F.3d 268, 271–72 (2d Cir.2005), and evaluate the IJ's finding that Zhao's religious persecution claim was too speculative to merit relief, and conclude that the IJ did not err in so finding. *See Jian Wen Wang v. BCIS*, 437 F.3d 276, 278 (2d Cir. 2006).

As the IJ noted, the documentary evidence in the record is insufficient to establish that Zhao would be persecuted in China on account of his Catholic beliefs. Zhao failed to submit any evidence to demonstrate that the Chinese government persecutes Catholics in Fujian Province. Although the record contains the 2004 U.S. Department of State Profile of Asylum Claims for China, which acknowledges that "intense scrutiny and harassment of house church and unregistered Christian groups is widespread ... in Fujian Province's Changle City," nothing in the record indicates that such "scrutiny and harassment" would rise to the level of persecution. *See Wang*, 437 F.3d at 278; *Jian Xing Huang v. U.S.I.N.S.*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record" of petitioner's claimed fear of persecution, that fear "is speculative at best."). Zhao's failure to provide that evidentiary support was fatal to his claim that he had a well-founded fear on account of his religious beliefs.

Moreover, it was not unreasonable for the IJ to find that Zhao's claim was speculative, as Zhao provided no evidence to demonstrate that he would join an underground church in China, or that the Chinese government would target him for his religious beliefs. As the IJ found, Zhao testified that he had not yet been baptized,

attended church services only twice a month, and had little knowledge of Catholic tenets or teachings. While Zhao correctly asserted that an individual may establish a well-founded fear of persecution despite a lack of doctrinal religious knowledge, *see Rizal v. Gonzales,* 442 F.3d 84, 90 (2d Cir.2006), the IJ did not base his finding on that lack of knowledge alone. Rather, the IJ reasonably assessed the totality of Zhao's claimed experiences with the Catholic church to conclude that his assertions that he would continue to practice Catholicism in China, and that he would do so in an underground church, were too speculative to be a basis for granting relief. *See Wang,* 437 F.3d at 278; *Jian Xing Huang,* 421 F.3d at 129.

Because Zhao was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on his claims for withholding of removal and CAT relief, where all three claims were based on the same factual predicate. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED.