**Mamadu Saidu BARRIE, Petitioner,**

v.

**DEPARTMENT OF HOMELAND SECURITY, Respondent.**

**No. 06–1612–ag.**

United States Court of Appeals, Second Circuit.

Dec. 26, 2006.

Theodore Vialet, New York, NY, for Petitioner.

Michael J. Sullivan, United States Attorney, Michael Sady, Assistant United States Attorney, Boston, MA, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. RICHARD J. CARDAMONE, and Hon. JOSÉ A. CABRANES, Circuit Judges.

### SUMMARY ORDER

Mamadu Saidu Barrie, a native of Sierra Leone, seeks review of a March 14, 2006 order of the BIA adopting and affirming immigration judge ("IJ") Paul DeFonzo's December 8, 2004 decision denying Barrie's applications for asylum and withholding of removal. *In re Mamadu Saidu Barrie*, No. A95 165 584 (B.I.A. Mar. 14, 2006), *aff'g* A95 165 584 (Immig. Ct. N.Y. City Dec. 8, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales*, 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 158–60 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in

spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

■ As an initial matter, 8 U.S.C. § 1158(a)(3) provides that no court shall have jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), or its finding of neither changed nor extraordinary circumstances excusing the untimeliness under 8 U.S.C. § 1158(a)(2)(D). However, this Court retains jurisdiction to review constitutional claims and matters of statutory construction under 8 U.S.C. § 1252(a)(2)(D). *See Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 155 (2d Cir.2006). Because Barrie only challenges the IJ's adverse credibility finding, and does not acknowledge or make any specific challenges to the IJ's one-year bar finding in his brief, this Court does not have jurisdiction to review that finding.

■ Barrie has waived his challenge to the IJ's denial of withholding of removal. In his brief to this Court, Barrie's counsel argues that the IJ erroneously relied on minor inconsistencies in finding him not credible and denying his application for asylum. He includes a heading titled "Applicable Law for Asylum and Withholding of Removal," but proceeds to set out only the law pertaining to asylum. Additionally, he fails to mention withholding of removal at any other point in the brief, and refers to Barrie's asylum claim. Finally, the concluding paragraph clearly indicates that he is seeking review only of his asylum claim. In that section, he states, "For all of the above reasons, the decision of the Board of Immigration Appeals to dismiss the petitioner's appeal and deny his claim for asylum was unreasonable and not supported by the record. This Court should reverse and grant asylum." Accordingly, as there is no indication that Barrie wishes to seek review of the IJ's denial of withholding of removal, his withholding of removal claim is deemed waived. *See Jian Wen Wang v. BCIS,* 437 F.3d 276, 278 (2d Cir.2006).

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).