**QI LI, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 03–40420–ag.**

United States Court of Appeals, Second Circuit.

March 5, 2007.

Thomas V. Massucci, New York, New York, for Petitioner.

Angela Liang, Office of Immigration Litigation, Washington, D.C.; Drew H.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former attorney general John Ashcroft as the respondent in this case.

Wrigley, United States Attorney for the District of North Dakota and Clare R. Hochhalter, Assistant United States Attorney, Bismarck, North Dakota, on the brief, for Respondent.

PRESENT: Hon. WALKER, Hon. PETER W. HALL, Circuit Judges.[2]

## SUMMARY ORDER

Petitioner Qi Li, a native and citizen of China, seeks review of a July 30, 2003 order of the BIA affirming the March 6, 2002 decision of Immigration Judge ("IJ") Terry A. Bain denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Qi Li*, No. A76 506 661 (B.I.A. July 30, 2003), *aff'g* No. A76 506 661 (Immig. Ct. N.Y. City Mar. 6, 2002). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA fully adopts and affirms the IJ's adverse credibility determination, this Court reviews the IJ's credibility finding directly. *See, e.g., Chun Gao v. Gonzales*, 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or

its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir.2004).

■ Although we do not agree with the IJ's findings that some of Li's testimony was implausible and that Li failed to corroborate some of his claims, the inconsistencies between Li's testimony and supporting documents are sufficient for this Court confidently to predict that the agency would reach the same result on remand. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144 (2d Cir.2006) (holding that remand is not required where it could be "confidently predict[ed]" that the IJ would have reached the same conclusion absent the error-based grounds). Li's testimony was inconsistent with the letters from his friend regarding the date of the strike, whether he spoke with the police when they arrived, and how many times the police went to his home after the strike. These findings are supported by substantial evidence, and they are sufficient to serve as the basis for the adverse credibility determination. The IJ therefore did not err in denying Li's asylum application.

■ Because the only evidence of a threat to the petitioner's life or freedom was his own testimony, which the IJ found not to be credible, that determination in this case necessarily precludes the success of petitioner's claim for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006); *Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003). Even assuming the petitioner's credibility, moreover, we confidently can predict that

**2.** Judge Denise Cote, originally a member of this panel, has recused herself. Accordingly, the appeal has been decided by the panel's remaining two judges pursuant to this Court's Local Rule § 0.14(b).

the agency would not find a nexus to an enumerated ground. *See Chun Gao*, 424 F.3d at 129–30. Here, Li merely attracted the attention of the police after causing a disturbance, and the record indicates that at most the police were seeking to speak with him. This does not amount to persecution on the basis of race, religion, nationality, membership in a particular social group, or political opinion. *Id.*

Li does not raise any arguments regarding the denial of his CAT claim in his brief to this Court, nor did he raise any arguments regarding the denial of that claim in his brief to the BIA. *See* PB; JA at 12–14 (Brief to BIA). Li's CAT claim, therefore, is not exhausted, and it is waived. 8 U.S.C. § 1252(d)(1) (governing exhaustion); *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 343 (2d Cir.2006) (same); *Jian Wen Wang v. BCIS*, 437 F.3d 276, 278 (2d Cir.2006) (governing waiver).

Accordingly, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot.