**Ranjana SUBEDI, Petitioner,**

v.

**U.S. DEPARTMENT OF JUSTICE, Attorney General Alberto R. Gonzales, Respondent.**

**No. 06–3380–ag.**

United States Court of Appeals, Second Circuit.

April 26, 2007.

---

Khagendra Gharti–Chhetry, New York, NY, for Petitioner.

Lindsay Louise Chichester, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, DC (David E. Nahmias, United States Attorney and Sharon D. Stokes, Assistant United States Attorney, United States Attorney's Office for the Northern District of Georgia, Atlanta, GA, on the brief), for Respondent.

PRESENT: RALPH K. WINTER, PIERRE N. LEVAL, and JOSÉ A. CABRANES, Circuit Judges.

## SUMMARY ORDER

Petitioner Ranjana Subedi, a native and citizen of Nepal, seeks review of a BIA decision of June 19, 2006, which affirmed the March 7, 2005 decision of Immigration Judge ("IJ") Steven R. Abrams denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *See In re Ranjana Subedi*, No. A97 517 569 (B.I.A. June 19, 2006), *aff'g* No. A97 517 569 (Immig.Ct.Jamaica, Queens, N.Y. Mar. 7, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales*, 431 F.3d 84, 85 (2d Cir.2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, this Court will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir.2004).

We grant Subedi's petition and remand for clarification to ascertain whether the agency's denial of Subedi's petition was based on an adverse credibility determination. We remand to provide the agency with the opportunity to explain in the first instance whether it found Subedi's account credible but nonetheless determined that she was not entitled to asylum or withholding of removal.

Because Subedi failed to raise any challenge to the denial of her CAT claim in her brief to this Court, that claim is waived and must be denied. *See, e.g., Jian Wen Wang v. BCIS*, 437 F.3d 276, 278 (2d Cir. 2006).

This panel retains jurisdiction to rule upon the instant petition and decide the issues on appeal following the disposition of the remand. *See Gui Ci Pan v. U.S. Att'y Gen.*, 449 F.3d 408, 412, 415 (2d Cir.2006) (retaining jurisdiction to rule upon petition following remand for, *inter alia,* a credibility determination); *cf. United States v. Jacobson*, 15 F.3d 19, 21–22 (2d Cir.1994).

For the foregoing reasons, Subedi's petition for review is GRANTED in part and DENIED in part.