**XUE CHAI ZHENG, a.k.a. Yun Bing Guo, Petitioner,**

v.

**Alberto GONZALES, Respondent.**

No. 06–4620–ag.

United States Court of Appeals, Second Circuit.

Aug. 16, 2007.

Robert J. Adinolfi, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division; Lisa M. Arnold, Senior Litigation Counsel; Jamie M. Dowd, Attorney, Office of Immigration

**54**

Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. JOSÉ A. CABRANES and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Xue Chai Zheng, a native and citizen of the People's Republic of China, seeks review of a September 20, 2006 order of the BIA affirming the April 28, 2005 decision of Immigration Judge ("IJ") Paul A. Defonzo denying Zheng's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xue Chai Zheng, a.k.a. Yun Bing Guo*, No. A 97 951 704 (B.I.A. Sept. 20, 2006), *aff'g* No. A 97 951 704 (Immig.Ct.N.Y.City, Apr. 28, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's opinions—or more precisely, the Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005).

■ Substantial evidence supports the IJ's adverse credibility determination with regard to Zheng's claim based on her alleged forced abortion in China. The IJ reasonably relied on the omission of the forced abortion from Zheng's airport interview.[1] Zheng did not dispute this omission; rather, she stated that she had been "very nervous" at the time. The IJ was not required to credit this explanation. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 396, 397 n. 6, 399 n. 8 (2d Cir.2005) (emphasizing that an applicant's "mere recitation that he was nervous or felt pressured during an airport interview will not automatically prevent" the agency from relying on the interview for an adverse credibility determination); *see also Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir. 2005) (emphasizing that the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable factfinder to do so). Similarly, the IJ appropriately rejected Zheng's alternate explanation that she was afraid of being re-

---

1. Although specific factors need not be assessed in every case involving an airport interview, the Court generally looks to: (1) whether the record of the interview merely summarizes or paraphrases the applicant's statements, (2) whether the questions posed to· the applicant seem designed to elicit the details of an asylum claim, (3) whether the applicant appears to have been reluctant to reveal information because of prior coercive experiences in his or her home country, and (4) whether there appears to have been translation difficulties. *Ramsameachire v. Ashcroft*, 357 F.3d 169, 179–80 (2d Cir.2004). Petitioner was apprised of her rights under U.S. law and encouraged to be truthful, was provided with an interpreter, and approved the interview transcript on which the IJ relied. Further, she does not contend that her testimony was mistranscribed. *Cf. Guan v. Gonzales*, 432 F.3d 391, 397–98 (2d Cir.2005).

turned to China, when she failed to clarify why she believed that mentioning the forced abortion—the basis for her asylum claim—would yield that result. *See Majidi*, 430 F.3d at 80–81.

Likewise, the IJ reasonably relied on discrepancies between Zheng's testimony and credible fear interview to support his adverse credibility finding.[2] The IJ accurately observed that Zheng indicated during her credible fear interview that she was single; her parents were detained for ten days when she did not respond to a notice to attend a check-up; the family planning officials apprehended her because she missed the check-up; she received a dosage of pills to induce the abortion; and various family members had visited her in the hospital. In contrast, she testified at the hearing that she considered herself married; "someone" had reported her to family planning officials who then brought her to the hospital; she received an injection to induce the abortion; and only her mother-in-law was present at the hospital. The IJ reasonably rejected Zheng's explanation that the interpreter made a mistake by conveying her sister's experiences as her own, when Zheng alternately explained that she did not remember making these statements at all. *See id.* Because each of these discrepancies involved the crux of Zheng's asylum claim, they amply substantiated the IJ's adverse credibility finding. *See Secaida–Rosales v. INS*, 331 F.3d 297, 308 (2d Cir.2003). Therefore, we do not reach the BIA's additional credibility findings.

■ Moreover, substantial evidence supports the agency's determination that Zheng's fear of persecution or torture based on her impending delivery and the possibility of having more children was speculative. The IJ appropriately pointed out that Zheng could legally marry the father of her child in the United States; indeed, Zheng testified that there was nothing to prevent them from marrying. In addition, Zheng does not allege that she has more than one child at this time. Under these circumstances, even if Zheng subjectively fears persecution, her fear is too speculative, and thus objectively insufficient, to support her claim of a well-founded fear of future persecution. *See, e.g., Jian Wen Wang v. BCIS*, 437 F.3d 276, 278 (2d Cir.2006) (finding that a well-founded fear of persecution could not be based on a petitioner's speculation that he would be subject to persecution due to the fact that he had one child by his current wife and another child residing in China from a different relationship).

■ Because Zheng was unable to show the objective likelihood of persecution needed to make out an asylum claim, she was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006).

■ Furthermore, Zheng now argues that, even if she has only one child, she would be subject to forced IUD insertion and that such procedure constitutes rape. In addition, she contends that her due process rights were violated because the BIA rendered its determination concerning her claim of future persecution in one sentence. However, because she failed to

---

**2.** The Second Circuit has not yet specifically ruled on the standards for judging the reliability of credible fear interviews, but those standards presumably lie somewhere in between the standards used for airport and asylum interviews, where the imperative to closely examine the reliability of administrative interview records is not as pressing in the context of asylum interviews as it is in the context of airport interviews. *See Maladho Djehe Diallo v. Gonzales*, 445 F.3d 624, 631–33 (2d Cir.2006). In any event, we deem the record of the interview sufficiently reliable.

**56**

raise these arguments before the BIA, we decline, to the extent we have jurisdiction, to exercise our discretion to consider them. *See Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 119–20 (2d Cir.2007); *United States v. Gonzalez–Roque,* 301 F.3d 39, 48 (2d Cir.2002).

 Last, the record supports the agency's denial of Zheng's CAT claim. Even assuming, as Zheng alleges, that the background evidence was outdated, she failed to provide any evidence—including testimony—in support of her claim that it was more likely than not that she would be tortured for her illegal departure if returned to China. Indeed, she concedes in her brief to this Court that "[t]here is nothing in the record concerning the legality of [her] departure." Such a claim, "[w]ithout more particularized evidence," does not establish that it is more likely than not that she would be tortured, as relevant to the CAT, for her illegal departure from China. *See Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 159–60 (2d Cir.2005) (holding that a reasonable factfinder would not be compelled to conclude that the petitioner would more likely than not be subjected to torture if removed to China based solely on the fact that she had illegally departed China, without more particularized evidence).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).