Bibi Akleema Gaffoor de SAMAROO, Barain Sacer Samaroo, Jene Anjina Samaroo, Petitioners,

v.

**U.S. ATTORNEY GENERAL, Respondent.**

No. 06–5590–ag.

United States Court of Appeals, Second Circuit.

Aug. 29, 2007.

Georgia B. Gillett, Miramar, FL, for Petitioner.

Brian K. Delaney, United States Attorney for the Western District of Michigan, John F. Salan, Assistant United States

**224**

Attorney, Grand Rapids, MI, for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. JOSÉ A. CABRANES, Hon. B.D. PARKER, Circuit Judges.

### *SUMMARY ORDER*

Petitioner Bibi Akleema Gaffoor De Samaroo, a native of Guyana and a citizen of Venezuela, seeks review of a November 9, 2006 order of the BIA affirming the May 9, 2005 decision of Immigration Judge ("IJ") Patricia A. Rohan denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), which included her two Venezuelan-citizen children as derivative beneficiaries. *In Re Bibi Akleema Gaffoor De Samaroo*, Nos. A98 228 612 / 613 / 614 (B.I.A. Nov. 9, 2006), *aff'g* Nos. A98 228 612 / 613 / 614 (Immig. Ct. N.Y. City May 9, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, the Court may consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect the Court's ultimate conclusion. *Jigme Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir.2006). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, this Court will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005).

■ As an initial note, Samaroo's nationality is a threshold question that must be addressed in determining her eligibility for asylum. *Jigme Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir.2006). Here, the agency failed to make an explicit finding regarding Samaroo's nationality, instead noting only that she is a native of Guyana and a citizen of both Guyana and Venezuela. At a master calendar hearing, Samaroo designated Venezuela as the country for removal. The government then requested to designate Guyana as an alternative country. Samaroo subsequently withdrew her request for removal to Venezuela, stating that she fears persecution in both countries. The government ultimately designated Venezuela in the first instance and Guyana as an alternate country of removal. While the IJ may have erred in not making an explicit nationality finding, this error appears to be harmless, because the IJ ultimately ordered Samaroo removed only to Venezuela without entering an alternative order of removal to Guyana, and, as discussed below, the agency's conclusion that Samaroo failed to establish past persecution or a well-founded fear of persecution in Venezuela is supported by substantial evidence in the record.

■ Reviewing the agency's past persecution finding *de novo, see, e.g., Edimo-Doualla v. Gonzales*, 464 F.3d 276, 282 (2d Cir.2006), we agree with the agency that Samaroo did not suffer past persecution in Venezuela. According to her own testimony, neither she nor her children ever experienced problems in Venezuela. In addition, the harm experienced by her husband could not establish past persecution for Samaroo. *See Melgar de Torres v. Reno,*

191 F.3d 307, 313 n. 2 (2d Cir.1999); *cf. Jorge–Tzoc v. Gonzales,* 435 F.3d 146 (2d Cir.2006) (holding that the agency erred in failing to consider the unique circumstances as to whether a young boy, who was completely dependent on his family and who had seen the bullet-ridden body of his uncle, had established past persecution in Guatemala). Even if Samaroo could establish that she suffered past persecution through the harm suffered by her husband, she admitted that the harm he suffered in Venezuela was not on account of a protected ground. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 544 (2d Cir.2005). Accordingly, the agency did not err in finding that Samaroo failed to establish past persecution in Venezuela.

■ The agency was also reasonable in concluding that she failed to establish a well-founded fear of persecution on account of a protected ground. Although Samaroo expressed fear of returning to Venezuela, there is no reason to believe that either she or her children are at risk for persecution. Samaroo's husband, who participated in the People's Progressive Party ("PPP") in Guyana, admittedly did not face any problems in Venezuela on account of his political activities, and there is no reason to believe that PPP opponents would seek to hurt Samaroo in the future in Venezuela. There is also nothing in the record to indicate that family members of individuals active in the PPP, a political party in Guyana, are sought or persecuted in the neighboring country of Guyana. Accordingly, we are not compelled to conclude that Samaroo has a well-founded fear of persecution on account an actual or imputed political opinion. *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004). There is also no evidence in the record indicating that Samaroo and her children will face persecution on account of their ethnicity in Venezuela. As a result, the agency did not err in concluding that Samaroo failed to establish a well-founded fear of persecution in Venezuela on account of a protected ground. *Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir. 2005).

■ Because Samaroo was unable to show the objective likelihood of persecution needed to establish an asylum claim, she was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). Lastly, Samaroo does not raise any challenge to the denial of her CAT claim in her brief to this Court, and we consider that claim abandoned. *See, e.g., Jian Wen Wang v. BCIS,* 437 F.3d 276, 278 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).