**ZHI DA, a/k/a Da Zhi Ye, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 06–3072–ag.

United States Court of Appeals, Second Circuit.

Sept. 11, 2007.

Gary J. Yerman, New York, NY, for Petitioner.

Stephanie J. Wright, Assistant United States Attorney, for Charles W. Larson, Sr., United States Attorney for the Northern District of Iowa, Cedar Rapids, IA, for Respondent.

Present: Hon. JON O. NEWMAN, Hon. RALPH K. WINTER, and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Petitioner Zhi Da, a/k/a Da Zhi Ye, a citizen of China, seeks review of a June 9, 2006 order of the BIA denying his motion to reconsider. *In re Da Zhi Ye a.k.a. Zhi Da*, No. A73 171 691 (B.I.A. June 9, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case. We review the BIA's denial of a motion to reconsider for abuse of discretion. *See Zhong Guang Sun v. U.S. Dep't of Justice*, 421 F.3d 105, 107 (2d Cir.2005).

The BIA based its decision to deny the petitioner's motion for reconsideration primarily on the petitioner's "fail[ure] to file the appropriate address form," holding that such failure meant there was "no error in [the agency's] decision to send all correspondence to ... the [petitioner's] FDR Drive address which was on file."[1] This seems needlessly formalistic given that in prior correspondence the BIA acknowledged having "receive[d] the [petitioner's] letter setting forth his change of address to McDonald Avenue on September 12, 2005." We need not determine whether it rises to the level of an abuse of discretion, however, because we agree with the BIA's holding in the alternative that the denial of Da's claim for asylum and withholding of removal was substantively correct and the proposed appeal was without merit.

■■■■ The central contention raised before the Immigration Judge ("IJ") was that Da's spouse was forced to undergo multiple abortions by the Chinese govern-

ment. Even if this testimony had been deemed credible, we have recently held that "the fact that an individual's spouse has been forced to have an abortion or undergo involuntary sterilization does not, on its own, constitute resistance to coercive family planning policies." *See Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 313 (2nd Cir.2007) (en banc). Because Da did not offer evidence of any other resistance to the coercive population control program, he would not have been able on appeal to establish past persecution under *Shi Liang Lin*. As to the brief testimony from Da to the effect that he himself fears sterilization, absent greater specificity, this vague and speculative claim is legally insufficient to qualify as an objectively reasonable well-founded fear of persecution. *See Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir.2005) (per curiam); *see also Jian Wen Wang v. Bureau of Citizenship and Immigration Serv.*, 437 F.3d 276, 278 (2d Cir.2006).

For the foregoing reasons, the petition for review is **DENIED**. Having completed our review, the stay of removal that the Court previously granted in this petition is **VACATED**.

■■■■■■■

---

1. Although the record before us indicates that the relevant correspondence may actually have been sent both to petitioner's old address and his new ("unofficial") one, undercutting the petition's central claim, the BIA's decision evidently found to the contrary, and we see no reason to displace that finding.