**YAN PING ZHANG, Petitioner,**

v.

**Peter D. KEISLER,[1] Acting U.S. Attorney General, Respondent.**

No. 07–1642–ag.

United States Court of Appeals, Second Circuit.

Oct. 23, 2007.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Gary J. Yerman, New York, NY, for petitioner.

Peter D. Keisler, Assistant Attorney General; Kelly Walls, Song E. Park, Attorneys, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. B.D. PARKER, and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Yan Ping Zhang, a native and citizen of the People's Republic of China, seeks review of a March 29, 2007 order of the BIA affirming the September 16, 2005 decision of Immigration Judge ("IJ") Helen Sichel denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhang, Yan Ping,* No. A 78 015 924 (B.I.A. Mar. 29, 2007), *aff'g* No. A 78 015 924 (Immig. Ct. N.Y. City, Sept. 16, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 305 (2d Cir.2007). However, we will vacate for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See Cao v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

As an initial matter, we lack jurisdiction to consider the denial of Zhang's withholding of removal and CAT claims because she failed to challenge the denial of that relief in her appeal to the BIA. 8 U.S.C. § 1252(d)(1); *see Karaj v. Gonzales,* 462 F.3d 113, 119 (2d Cir.2006) (citing *Beharry v. Ashcroft,* 329 F.3d 51, 59 (2d Cir.2003)). Additionally, we decline to consider Zhang's argument that she suffered past persecution by being forcibly subjected to gynecological examinations. The Government correctly asserts that Zhang failed to exhaust her administrative remedies with respect to that issue. *See Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 124 (2d Cir.2007) (describing issue exhaustion as an "affirmative defense subject to waiver").

As to Zhang's claimed fear of future persecution, the record supports the agency's determination that she failed to establish a well-founded fear of persecution based on the enforcement of China's family planning policy where she did not have any children, was not pregnant, and did not allege that she was attempting to conceive. *See Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir.2005) (per curiam) (finding that, "[i]n the absence of solid support in the record" for petitioner's assertion that he will be subjected to persecution on account of his two U.S.-born children, "his fear is speculative at best"); *see also INS*

*v. Cardoza–Fonseca,* 480 U.S. 421, 440, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987) (emphasizing that a well-founded fear does not require high probability of persecution, but does require "an objective situation . . . established by the evidence"). Indeed, Zhang's claimed fear was objectively insufficient given that it is conditioned on her desire to have more than one child at some point in the indefinite future. *See, e.g., Jian Wen Wang v. BCIS,* 437 F.3d 276, 278 (2d Cir.2006) (finding that a well-founded fear of persecution could not be based on an applicant's speculation that he would be subject to persecution due to the fact that he had one child by his current wife and another child residing in China from a different relationship). Accordingly, the denial of Zhang's application for asylum was supported by substantial evidence.

For the foregoing reasons, the petition for review is DENIED, in part, and DISMISSED, in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).